A. C. *Griffith*, for the plaintiffs.

H. P. *Thornton*, for the defendant.

---

## BUELL v. TATE.

One party to an executed contract cannot rescind it, without restoring the other party to his original situation.

The purchaser of real estate incumbered by a mortgage, cannot, because of the mortgage, defend an action for the purchase-money, without having first extinguished the incumbrance to the amount of the debt sued for.

But if the incumbrance exceed the debt, the purchaser may, in a Court of chancery, have the collection of the debt enjoined, until the incumbrance be reduced to an amount not exceeding the debt.

ERROR to the *Dearborn* Circuit Court.

DEWEY, J.—Debt by the assignee against the maker of a promissory note for 160 dollars. The defendant pleaded, that the note was given for a part of the price of a lot of ground purchased by him of the payee of the note, and by the latter conveyed to him by a general warranty deed ; that the vendor falsely, with intent to defraud the defendant, represented that the land was free from incumbrance, and thus induced him to purchase the same, and give the note ; that, in fact, the land was subject to a mortgage previously executed by the vendor for 10,532 dollars, which was in full force at the time of making the contract, and when the plea was filed ; and that the defendant was ignorant of the incumbrance, and would not have made the contract had he known it. The plaintiff demurred generally to the plea. The Court sustained the demurrer. There was another special plea which led to an issue of fact. Trial by the Court, and judgment for the plaintiff for the amount of the note.

The only question in the cause arises from the demurrer. The fraud alleged in the plea undoubtedly entitled the defendant to rescind the contract of sale, and to consider the note as a nullity, had he seen fit to do so in proper season ; but he could not rescind the contract without restoring the vendor to his original situation by reconveying the land. As he has

Nov. Term, 1843.

not pursued that course, it becomes necessary to inquire whether the plea shows a want or failure of the consideration of the note.  Had the vendor possessed no title whatever to the land, his conveyance would not have constituted a good consideration for the promise of the defendant to pay him the price ; and his want of title might have been pleaded in bar of this action.  *James* v. *Lawr. Ins. Co.*, decided at this term.  But as the case presents itself, the defendant cannot say he took nothing by the conveyance.  He acquired an estate incumbered by a mortgage.  This incumbrance, however, may never injure him ; it may be cleared off by the mortgagor.  And as the plea does not state what was the price stipulated by the defendant to be paid for the land, or whether any part of it has been paid by him, he may still hold enough of the purchase-money, independent of this note, to indemnify himself against the mortgage.  Before he can set up the incumbrance as a defence against this action, he must show that he has extinguished it to the amount, at least, of the note, or has been otherwise injured by it to that extent.  This principle was established in *Whisler* v. *Hicks*, 5 Blackf. 100, and *Smith* v. *Ackerman*, *Id.* 541.  We think the plea is bad, and that the demurrer was correctly sustained.

But though the defendant cannot defend this action by simply showing the existence of the incumbrance, yet if it exceed in amount the stipulated price of the land, or that part of it still due from the defendant, he may resort to a Court of equity for relief, and procure an injunction against the collection of the debt, until the mortgagor shall reduce the incumbrance to an amount not exceeding that of the purchase-money due.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Lane*, for the plaintiff.

*J. Ryman* and *P. L. Spooner*, for the defendant.