May Term,
1848.

OLDFIELD *v.* STEVENSON.

OLDFIELD
v.
STEVENSON.

An outstanding mortgage upon lands purchased, when a deed and possession accompany the sale, is no bar to the recovery of the purchase money.

ERROR to the *Jefferson* Circuit Court.

Tuesday,
July 18.

PERKINS, J.—Assumpsit upon a promissory note for 1,368 dollars and 37 cents, made *May* 21, 1839, by *Oldfield*, the plaintiff in error, to one *Benjamin W. Grover*, the assignor of the defendant in error. The note was negotiable and payable at the branch at *Madison* of the state bank of *Indiana*.

There were five pleas by the defendant below.

1. The general issue; 2. That the note sued on was given by the defendant to said *Benjamin W. Grover*, the payee, and assignor of the same, in consideration of his conveying to the defendant, by a good and sufficient deed of warranty in fee simple, lot numbered 50, in *Hendricks* and *Grover's* addition to the city of *Madison;* that said deed was executed; that at the time it was done, said *Grover* falsely and fraudulently represented that he was the legal and equitable owner of the lot, when, in truth and in fact, it was incumbered as shown by the following facts: In *October*, 1838, said *Grover* purchased a quantity of real estate in *Madison*, of *Sarah G. Stevenson*, the plaintiff in this suit, for the sum of 14,000 dollars, and, to secure payment, mortgaged to her all the property so purchased; that the lot, on the purchase of which from *Grover*, the note in this suit was given, formed a part of said 14,000 dollar purchase of *Grover* from *Stevenson*, and was included in the mortgage to her; that said mortgage, with the interest on it, is still unpaid; that the premises embraced are insufficient to satisfy it; that *Grover* is insolvent, and that the defendant was ignorant, at the time of his purchase, of the existence of said mortgage, and would not have purchased had he known of it, that he has not yet had his deed for said lot recorded, and now offers to re-deliver it, with a deed for

the lot from himself, to said *Grover* or his assignee; that the plaintiff, when she took the assignment of the note, had full knowledge of all the facts set out in this plea, and received the same only as collateral security for a debt, and not absolutely, in a business transaction.

The 3d, 4th, and 5th were general or special pleas of fraud, all of which led to issues of fact, which, with the general issue, were tried by the Court, without a jury, and determined for the plaintiff.

To the second plea the plaintiff replied, that the consideration of the note mentioned in said plea, was the conveyance, by *Grover*, to the defendant, of said lot number 50, by a good and sufficient deed of warranty; that such a deed was executed to the defendant and accepted by him, and that by virtue of it, he took possession of said lot, and has ever since peaceably and quietly retained, and still does so retain, possession; that there were no false or fraudulent representations made as to the title; that the plaintiff, the assignee, had no notice of what transpired at the execution of said note; that the only incumbrance on said lot was a mortgage to the plaintiff, and as to it, she then tendered, in open Court, a quitclaim deed to the defendant, releasing the lot from the lien of said mortgage.

General demurrer to this replication overruled, and final judgment for the plaintiff.

There was no error in overruling this demurrer. Supposing the plea to be good, the replication well answered it.

It is settled that an outstanding mortgage upon lands purchased, where a deed and possession accompany the sale, is no bar to the recovery of the purchase money. *Buell* v. *Tate,* 7 Blackf. 55.—*Pomeroy* v. *Burnett,* 8 id. 142, and the authorities cited.

The present is distinguishable, so far as the plea is concerned, from the ordinary case of the simple existence of a mortgage, only by the three facts of the insolvency of the mortgagor, fraud, and an offer to re-convey. The insolvency, we think, not available as a defence at·law. It might be a ground for a temporary injunction out of

chancery upon the collection of the purchase money, according to the principle laid down in *Buell* v. *Tate, supra.* The fraud is denied by the replication, and is admitted not to exist by the demurrer. But fraud was the only matter alleged, entitling the party to rescind the contract of purchase; and as that is denied, the offer to rescind is of no importance in the case. The party, there being no fraud, was not entitled to a rescision, even had the offer been made in time, much less when tendered several years after the conveyance, during all which time he had enjoyed the possession and use of the land. Could the parties in such case be placed in *statu quo?* Chitty says they could not. He says, that "the most obvious instance" in which this cannot be done, "is, when one party having had possession, &c., has received a partial benefit from the contract." Ch. on Con. 743. But it is not necessary for us to decide upon this. There being no fraud in this case, there was no right to rescind.

The questions, whether the plaintiff held the note in suit as collateral security for another debt, or under an absolute assignment in a business transaction, and whether the Court erred in the admission or rejection of evidence as to those facts, are unimportant, as her right to recover did not depend upon her showing this note to be governed, in her hands, by the law merchant.

The finding of the Court upon the issues of fact was also right. The only evidence tending to show fraud was the following:

"Defendant also proved by two witnesses, that they were present at said public sale; that the defendant bid off one lot and they believe no more; that the sale took place at about the date of the note in suit; that they both bid on several lots offered at said sale, but they could not say whether they bid on said lot sold to the defendant; that neither of them wished to buy property; one of them stated that he did not wish to buy, unless it went very low; the other did not wish to buy at all; they did not expect to keep the property if it had been struck off to them, but there was no arrangement between them and said

*Grover*, the seller, that they should so bid; they thought that the lot at this time worth not more than half the amount of the note, but property was much higher at the time of the sale—could not say how much; one witness stated that he thought, at the time of the sale, the lots near the rail-road went high; the lot in question was on the rail-road, but he did not remember whether he thought it went high; and this was all the evidence," &c.

There is certainly nothing here fixing any fraud in the sale upon *Grover.*

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages, &c.

*J. G. Marshall* and *J. D. Glass*, for the plaintiff.

*J. Sullivan*, for the defendant.