ARNOLD and Another *v.* CURL.

In an action to foreclose a mortgage given to secure purchase money, where the land is incumbered with prior judgment liens to an amount exceeding the balance due on the mortgage, the mortgagor may have an injunction against the collection of the mortgage-debt, until the mortgagee shall reduce the incumbrance to a sum not exceeding the unpaid purchase-money.

APPEAL from the *Noble* Common Pleas.

DAVISON, J.—This was an action by the appellee, who was the plaintiff, against *Oran* and *Jane Arnold* to foreclose a mortgage, on lots 17 and 18 in *Legonier*, *Noble* county. The mortgage bears date *April* the 9th, 1858; was executed by the defendant to one *Johnson D. Curl* to secure the payment of two promissory notes, each for 135 dollars, and was by him, by endorsement, assigned to the plaintiff. Copies of these notes, and also a copy of the mortgage, were filed with the complaint and made a part of it.

The defendants answered the complaint: 1. By a general denial. 2. That at the date of the mortgage, *Johnson D. Curl*, the mortgagee, by deed in fee simple, conveyed the lots above described to the defendants, who then executed to him said notes, as and for the purchase-money of the described prem-

ises. That at, and before, the execution of said deed there were two judgments in the *Noble* Common Pleas, in favor of *Hoyt & Co.*, and against said *Johnson D. Curl* and one *James Smawley*, for 200 dollars each, which, with interest thereon from the 29th of *December*, 1857, the time they were entered of record, remain unpaid, and that executions were issued upon them and placed in the hands of the sheriff, who levied the same upon the premises in question. That, while the executions were thus levied, proceedings were commenced in the *Noble* Common Pleas by the defendant, *Oran Arnold*, to enjoin the sale on execution of those premises, which proceedings resulted in an order of the Court enjoining such sale. It is averred that from this order an appeal was taken to the Supreme Court, which appeal is still pending in that Court. And further, it is averred that *Johnson D. Curl* is utterly insolvent, and should a judgment be given in this case against the defendants, and the appeal to the Supreme Court be decided against them, they could have no relief, because, on account of his insolvency, a judgment against him would be worthless. The defendants, therefore, pray that the plaintiff be restrained from proceeding in this action, until the incumbrance of the judgments in the *Noble* Common Pleas be discharged, or be adjudged of none effect. They also pray for general relief, &c.

To this answer the Court sustained a demurrer, and rendered a final judgment against the defendants. The answer, in this case, does not assume to bar the action. It seeks, merely, to suspend proceedings on the mortgage, and the only question to settle is, are the facts sufficient to authorize any appropriate relief? The mortgage, as has been seen, was given to secure the purchase-money of real estate purchased by the mortgagor, at the time it was given, of the mortgagee. It is conceded by the demurrer that when the purchase was made there were liens, on the premises sold, against the mort-

gagee, which in point of amount exceed the purchase-money sued for in this action. The mere existence of these liens constitutes no conclusive defence to the suit on the mortgage. Is the mortgagor entitled to any relief? In cases of this sort the rule in equity is, that he may, by bill, have an injunction " against the collection of the debt until the mortgagee shall reduce the incumbrance to a sum not exceeding that of the purchase-money due." *Buel* v. *Tate*, 7 Blackf. 55; *Addleman* v. *Merman, id.* 31; *Fitch* v. *Polk*, 5 Ind. 564. And under the rules of procedure now in force we have allowed such relief to be sought in the form of an answer to the complaint. *Carey* v. *Warren*, 5 Ind. 319. We are, therefore, of opinion that the plaintiffs in this case were entitled, under the rule in equity just stated, to relief, and that in sustaining the demurrer the Court committed an error.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded.

*J. M. Flagg*, for the appellants.