### RICKER *v.* PRATT ET AL.

48  73
127  331

VENDOR AND PURCHASER.—*Incumbrance.*—A. purchased certain real estate, receiving from the vendor a deed of conveyance with covenants of warranty against incumbrances, paid part of the purchase-money, and executed his notes and a mortgage on the same real estate to secure the notes. The lands were incumbered when so conveyed to A. to an amount exceeding their value. A. having failed to make the deferred payments, his mortgage was foreclosed and judgment rendered against him on the notes, without defence. Suit by A. to enjoin the sale under such foreclosure, on account of such prior incumbrances.

*Held,* that A. had an equitable defence, which, under the code, he might have asserted when sued on the notes and mortgage, but having failed to assert it in that action, his suit for an injunction would not lie.

From the Lake Common Pleas.

*M. Wood* and *T. J. Wood,* for appellant.

*E. C. Field* and *J. Barnard,* for appellees.

DOWNEY, J.—This action was commenced by the appellant against the appellees, and in the common pleas, on demurrer to the complaint, it was decided that the facts stated therein did not constitute a cause of action. This ruling of the court is the error alleged.

The material facts stated in the complaint are the following: The plaintiff purchased of the defendants certain real estate, which is described in the complaint, and received a warranty deed therefor; the price of the land was four thousand eight hundred dollars; twelve hundred dollars were paid down, and promissory notes, with a mortgage on the land to secure the same, were executed for the residue of the price; the notes were each for four hundred dollars, dated November 25th, 1866; they were nine in number, and one of them matured every year after date, until they were all due. It is alleged that the plaintiff had paid sixteen hundred dollars on the deferred payments, and that a balance of about one thousand dollars is still due and unpaid; that the defendants foreclosed the mortgage and obtained a judgment and order for a sale of the mortgaged premises; that before the sale of the land by the defendants to the plaintiff, the land was mortgaged and

otherwise incumbered by former owners thereof, the particulars of which are stated in the complaint, and which are alleged to exist on the records in the recorder's office of the county; that the plaintiff cannot sell said land, or any part thereof, with the title so incumbered; that the incumbrances are much more than the value of said land, and that the plaintiff has no money to pay said incumbrances, or the half thereof, and can not pay the same; that the defendants falsely and fraudulently represented to him that said title was clear of incumbrances, and the plaintiff bought said land on the faith of that representation; that the said incumbrances amount to about six thousand dollars; that the sheriff has an execution in his hands, issued on said judgment, and is about to sell said lands, etc. Prayer for injunction, etc.

The plaintiff purchased incumbered real estate, took a warranty deed therefor, gave notes and a mortgage for part of the purchase-money, and at the maturity of the notes, or part of them, allowed a judgment to be taken against him for the amount due, without setting up, in any way, the objection to the title which he now urges. He has no other ground on which to predicate his action than he then had on which to base a defence to the action to foreclose the mortgage.

We need not decide what would have been his rights had he paid off the incumbrances after the rendition of the judgment against him. But for the purpose of making any defence, which he now claims the right to make, he has had his day in court.

Counsel for the appellant say, that " where the incumbrance exceeds the amount of unpaid purchase-money, an injunction will be granted against the collection of the same until the incumbrance is reduced to an amount equal to the amount of unpaid purchase-money," and cite, in support of the doctrine, *Arnold* v. *Curl*, 18 Ind. 339, *Buell* v. *Tate*, 7 Blackf. 55, *Wiley* v. *Howard*, 15 Ind. 169, and some other cases to the same effect.

Had the appellant sought this relief in the action to foreclose the mortgage, it seems to us that he might have suc-

ceeded. But this he did not do, but, on the contrary, suffered the opportunity to pass by unimproved. Although injunctive relief was granted in equity, and not at law, prior to the adoption of the code, and although after a judgment at law there might have been an injunction granted, on equitable grounds, to prevent the collection of the judgment, the rule, under the code, is changed, and the party may, in the same court and in the same action, set up all his defences, whether legal or equitable. Civil code, sec. 56, third clause. We think not only that the party may do so, but that he is bound to do so, or lose the benefit of such defences, for it is a rule of law that the judgment of a competent tribunal not only settles the matter between the parties as to the defences made, but also as to such others as might have been made. *Fischli* v. *Fischli,* 1 Blackf. 360; and see *Hardy* v. *Stone,* 23 Ind. 597, and cases there cited.

Conceding that the appellant, when sued on the mortgage, had no legal defence, because he had not discharged the incumbrances, still, according to the authorities cited by his counsel, he might have enjoined the plaintiffs from proceeding in the action until they had removed the incumbrances, etc., and we think he was bound to do so at that time, and can not now seek the same relief that he might then have had.

The judgment is affirmed, with costs.