Gillett *v.* Sullivan.

Filed Feb. 19, 1891.

---

No. 14,767.

## GILLETT *v.* SULLIVAN.

JUDGMENT.—*Enforcement Enjoined.*—*Insolvency of Plaintiff.*—*Lien on Defendant's Land Owed by Plaintiff.*—An insolvent judgment creditor, seeking to enforce his judgment generally, who has conveyed to the judgment debtor, by warranty deed, a tract of land upon which there is a valid mortgage owed by such creditor, will be enjoined until such mortgage is satisfied, regardless of the fact that such creditor has especially agreed to pay it.

From the Madison Circuit Court.

Gillett *v.* Sullivan.

*H. D. Thompson,* for appellant.
*W. A. Kittinger* and *L. M. Schwinn,* for appellee.

OLDS, C. J.—This is a suit by the appellant against the appellee upon a promissory note executed by the appellee in her maiden name of Emma Chaplin.

The appellee filed a cross-complaint, consisting of two paragraphs, to which the appellant first addressed a motion to strike out, and then a demurrer to each paragraph. The motion and demurrer were overruled, and exceptions reserved. These rulings are assigned as error, and question the sufficiency of the paragraphs of cross-complaint.

The paragraphs are not materially different. It is alleged in each paragraph that John C. Chaplin, Jr., and Caroline T. Gillett each owned an undivided interest in certain real estate, which interest they had inherited from their father, John Chaplin, Sr., deceased ; that said John Chaplin, Jr., and Caroline T. Gillett and her husband mortgaged said real estate to Braxton Baker to secure a note for $326 and interest and attorney's fees, which note was signed by said mortgagors ; that appellee first purchased of said John Chaplin, Jr., his interest in said real estate for $600, which sum he has paid, and afterwards purchased the interest of the appellant in said real estate for $600, and executed to her two notes for part of the purchase-money, one of which is the note in suit for $250, and the other appellee has paid ; that as a part of the consideration of said notes executed by the appellee to appellant, appellant agreed to pay off and cancel the mortgage on said real estate given to Baker ; that appellant conveyed said real estate to appellee by deed of general warranty ; that the note to Baker has not been paid, and that he brought suit on said note and for the foreclosure of the mortgage securing the same, making all the parties hereto parties to such foreclosure suit, and obtained judgment on his note against the makers, and foreclosure of the mortgage against all of said parties ; that the appel-

lant appealed from said judgment to the Supreme Court, but that said judgment was still in full force, unreversed and unsatisfied. That the said appellant and her husband, and John Chaplin, Jr., are each and all insolvent, so that a suit upon their warranty would be unavailing in case the appellee is compelled to pay said mortgage debt.

Prayer that appellant be restrained from prosecuting this suit or from collecting said note until the note and mortgage in favor of Baker are fully paid and satisfied.

There was a special finding of facts made by the court and conclusions of law stated, and a judgment rendered in favor of the appellant against the appellee, and a further order and judgment that said judgment shall not be collected by execution until the note and mortgage in favor of Baker, on which judgment had been rendered, were fully paid and satisfied; in other words, staying proceedings on the judgment until the Baker note and mortgage were paid, and the land released.

The paragraphs of cross-complaint were sufficient to entitle the appellee to have proceedings upon the judgment stayed until the note and mortgage to Baker had been paid and cancelled, whereby the real estate is released. This is true independent of the contract alleged in the cross-complaint that the appellant contracted to pay the Baker mortgage as a part of the consideration of the note.

It is alleged in each paragraph that the land conveyed by the appellant to the appellee, for which the note in suit was given, was encumbered by a mortgage executed by the appellant; that appellant executed to appellee a warranty deed for the land, and that appellant and the other grantors of the land were totally insolvent; that the note secured by mortgage was past due and judgment had been rendered upon it. The appellant was one of the makers of the note to Baker, and one of the mortgagors in the mortgage securing the note. She was liable individually for the whole note, and the land conveyed by her was liable for the whole debt

to Baker. While the appellee might have paid off the note and held it as a set-off against the note given the appellant, yet she was not compelled to do so. The appellee was entitled in equity to have the collection of the note against her suspended until the appellant removed the encumbrances from the land conveyed. The appellant in good conscience ought not to ask the payment of the note to her while there was an outstanding lien against the land conveyed which appellee would be compelled to pay, and which she could not collect by reason of the insolvency of the appellant and the other warrantors. If the appellee is compelled to pay the note in suit and afterwards to pay the mortgage debt to Baker, she would be without remedy by reason of the insolvency of her grantors.

In High on Injunctions, in speaking of enjoining against actions at law, it is said (section 45) : "The injunction is directed, not to the court, but to the litigant parties, and in no manner denies the jurisdiction of the legal tribunal. It merely seeks to control the person to whom it is addressed, and to prevent him from using the process of courts of law where it would be against conscience to allow him to proceed. It is granted on the ground that an unfair use is being made of the legal forum, which, from circumstances of which equity alone can take cognizance, should be restrained lest an injury be committed wholly remediless at law." See, also, section 243.

Such is the state of facts existing in this case, as shown by the allegations of the cross-complaint. If the appellant is permitted to prosecute this suit to final judgment and execution, and collect the note in suit from the appellee, the appellee being in a position where she would be compelled to pay the mortgage debt to Baker or lose the land purchased, her remedy by suit upon the warranty would be worthless by reason of the insolvency of the grantors. To permit the appellant to enforce the collection of her judgment in this case by execution would be permitting the appellant to make

an unfair use of the legal forum, and leave the appellee remediless. There are some decisions of this court in harmony with this theory. See *Ricker* v. *Pratt*, 48 Ind. 73; *Arnold* v. *Curl*, 18 Ind. 339; *Fehrle* v. *Turner*, 77 Ind. 530.

This question was not clearly presented in the case of *Chaplin* v. *Baker*, 124 Ind. 385.

There was no error in overruling the motion to strike out the cross-complaint or in overruling the demurrer to each paragraph thereof.

Nor is there any available error in the conclusions of law stated by the court. The facts found are substantially as alleged in the cross-complaint. They are not as fully stated as they should be, but a proper judgment was rendered. Judgment was rendered in favor of the appellant, but a further order and judgment was entered staying the execution for the collection thereof until the payment of the mortgage debt to Bohn and the satisfaction of the mortgage securing the same, which was a lien upon the land prior to the conveyance of the same by the appellant to the appellee. This was the relief which the appellee was entitled to under the facts found. Nor was there any error in overruling appellant's motion for judgment on the special finding.

There was no error in overruling the motion for a new trial. There was evidence to establish all of the material facts found by the court. The mortgage was a lien upon the land sold and conveyed by the appellant to the appellee by warranty deed. The land so conveyed was liable for the payment of the whole debt, and the evidence tended to prove that the appellant was liable, and had, for a valuable consideration, agreed to pay the whole debt; that she and her brother, John Chaplin, had executed the note jointly and the mortgage securing the same, and that for a valuable consideration received from her brother she had agreed to pay the whole debt, and thus agreed with the appellee as a part of the consideration for the note sued upon to pay it and have the mortgage released. But the evidence tends to prove that

the note was given for the balance of purchase-money for land conveyed by the appellant by warranty deed to the appellee, upon which there was, at the time of the conveyance, a mortgage executed, which was a lien upon the land so conveyed; that the note was unpaid and had been sued upon; that the mortgage was executed by the appellant and her husband and brother, all of whom are insolvent, and the note secured by the mortgage had been sued upon and judgment rendered against the appellant, and a decree of foreclosure of the mortgage entered against all of the parties.

This put the appellee in a position where she would be compelled to pay the mortgage or lose the land, and if appellant is permitted to enforce payment of the judgment in in this cause, appellee will be remediless, as the grantors in her deed are insolvent. Under these circumstances, which are supported by the evidence and found by the court, the appellee was entitled to the relief granted and judgment rendered.

There is no error in the record.

Judgment affirmed, with costs.

