## ADDLEMAN v. MORMON.

A vendee of real estate filed a bill in chancery to restrain the vendor from the collection of the purchase-money, until the latter should pay off a mortgage on the land according to his agreement. *Held*, that it was not essential to the success of the suit that the complainant should have tendered back to the defendant a deed for the land, nor that he should have offered to account for the rents and profits.

A bill in chancery to enjoin a judgment at law cannot be sustained, unless there be a release of errors indorsed on the bill.

ERROR to the *Wayne* Circuit Court.

SULLIVAN, J. — This was a bill in chancery by *Mormon* against *Addleman* for an injunction. The bill states that *Addleman* sold and conveyed to *Mormon* a tract of land in the county of *Wayne* at and for the sum of 1,200 dollars, to be paid in four equal annual instalments; that, at the time of the sale, the land was incumbered by a mortgage previously executed by *Addleman* to one *Roderfield,* which *Addleman* then agreed with the complainant should be paid off, and, at the request of *Mormon,* obtained and delivered to him the bond of one *B. W. Addleman* in the penalty of 1,500 dollars that the incumbrance should be removed; that the mortgage-money to *Roderfield* has not been paid; and that he threatens to sell said land; that the land is not more than sufficient to pay the debt to *Roderfield;* that the defendant is unable to pay his debts; and that the surety, *B. W. Addleman,* is insolvent, &c. The bill then states that *Addleman* had obtained a judgment at law against *Mormon* for the sum of 300 dollars, that being the amount of the first payment for said land, and threatens execution, &c. The prayer of the bill is, that the defendant may be enjoined from proceeding on said judgment at law, and from the collection of the balance of the purchase-money for said land, until he shall have paid off said mortgage, &c.

Nov. Term,   At the *March* term, 1841, the defendant moved the Court
1843.      to dissolve the injunction which had been granted at a pre-
Addleman   vious term, but the motion was overruled.   He then demur-
v.         red to the bill, but the demurrer was also overruled, and
Mormon.    having failed to answer, the bill was taken as confessed,
and a decree was entered according to the prayer of the
bill.

This bill does not seek to rescind the contract entered into
between the parties.   The object of it is rather to enforce
it; and it seeks only to restrain the vendor from the collec-
tion of the purchase-money until he shall have performed
what he bound himself to do.   It was, therefore, not neces-
sary that the complainant should tender back to the defend-
ant a deed for the land, nor that he should offer to account
for the rents and profits, as is contended by the plaintiff in
error.

Notwithstanding the complainant has merits in his case, we
think the Court erred in refusing to dissolve the injunction as
it respects the judgment at law.   The statute requires that
no injunction shall be granted to stay proceedings on a judg-
ment at law, unless there be indorsed on the bill a release of
all errors in the judgment prayed to be enjoined.   The re-
lease of errors so to be indorsed is essential to the sufficiency
of the bill, and constitutes a part of the record.   In this case
it does not appear that a release of errors was indorsed on
the bill.   This should have appeared, and not appearing the
decree is erroneous so far as it enjoins the judgment at
law.   As to the residue of the purchase-money the decree is
right.

*Per Curiam.* — That part of the decree which enjoins the
proceedings on the judgment, is reversed, and that part which
enjoins the collection of the residue of the purchase-money,
is affirmed, &c.

*J. S. Newman*, for the plaintiff.

*C. H. Test*, for the defendant.