Nov. Term,
1845.

FITCH
v.
POLKE.

---

## FITCH v. POLKE.

Chancery.   A judgment at law for a part of the purchase-money of real estate,
was enjoined on the ground that the vendee had been deceived by the ven-
dor as to the title, and had remained ignorant of the defect therein, until
after the rendition of the judgment.

· The answer to the bill alleged that the complainant knew the facts in the
case pending the suit at law, and pleaded the same in bar.   *Held*, that the
*onus probandi* was on the defendant.

*Tuesday,*
*December 9.*

SUIT in chancery certified from the *Cass* Circuit Court.

SULLIVAN, J.—The bill in this case was filed to enjoin the
collection of a judgment at law, obtained by *Polke* against
*Fitch*, on a note for 685 dollars, the balance of the purchase-
money for a section of land, sold and conveyed by *Polke* to the
complainant.   The bill alleges that, in the purchase of said land,
the complainant was grossly deceived and defrauded by the
defendant, who represented, at the time of the sale and fre-
quently before the sale, that he had a good title.   It is alleged
that the land belonged to *Aubenaubee*, a *Pattawatima* Indian,
in his lifetime; that he died, without having conveyed said
land, intestate, leaving two sons, his heirs at law, one of
whom is a minor; that certain proceedings were had in the
*Wabash* Probate Court, after the death of *Aubenaubee*, by
which the interest of the minor heir in and to said land was
directed to be sold; that a sale of the undivided half of said
section was made by the guardian of the minor heir, pursuant
to the order of the Court; and that, at said sale, one *John
T. Douglass* became the purchaser; that said proceedings
were all irregular and the sale under them was void.   It is
alleged that *Polke* had no title to the land except what he

derived from *Douglass*, yet that he conveyed to the complain-
ant the entire section, &c. The complainant states, that he
was wholly ignorant of the fact that *Polke* had not a good
title, until after the judgment, now sought to be enjoined,
had been .rendered. The deed from *Polke* to the complain-
ant, the proceedings in the *Wabash* Probate Court above
referred to, and the deed from the guardian of the minor heir
of *Aubenaubee*, are made exhibits. An agreement between'
Ewing, Walker, and Co., A. Hamilton and Co., and John T.
*Douglass*, is also made an exhibit, by which it appears that
*Ewing, Walker*, and Co., and *A. Hamilton* and Co., relin-
quished to *Douglass* all claim to the section of land sold by
*Polke* to the complainant; but what title or claim they had
to the land is not shown. The bill further alleges that *Polke*
is insolvent, and has removed beyond the jurisdiction of this
state.

The answer of the defendant admits the sale and convey-
ance of the entire section of land as stated in the bill. It ad-
mits that a large portion of the ·purchase-money was paid by
the complainant at the time of. the sale, and that the .judg-
ment at law, mentioned in the bill, is for the residue. It
admits that the defendant had no other title to the land than
that derived from the heirs of *Aubenaubee* through *Douglass*,
and insists that it was a good and complete title. It alleges
that the complainant was, at the time of the purchase, fully
acquainted with the defendant's title; denies that any false
representations as to the title were made; and says that,
pending the trial, the complainant filed pleas in bar of the
note on which the judgment at law was obtained, and after-
wards abandoned the defence. The defendant admits that he
does not reside within the jurisdiction of this state, but denies
the charge of insolvency.

No depositions are on file; and the cause is submitted to
us on bill, answer, and exhibits.

There are certain facts in this case about which there is no
controversy between the parties. It is agreed, that the de-
fendant sold to the complainant the entire section of land
mentioned in the bill, for the price of 1,700 dollars, and that
all of the purchase-money was paid except the sum of 685
dollars. It is also agreed, that the land mentioned is one of

Nov. Term,
1845.

FITCH
v.
POLKE.

the ten sections of land granted to *Aubenaubee* by the treaty entered into between the *United States* and the *Pattawatimas* of the state of *Indiana* and *Michigan* territory, on the 27th day of *October*, 1832. The parties also agree, that *Aubenaubee* died intestate, leaving two sons who inherited the land mentioned, and that one of them is a minor. With those facts admitted, the exhibits show that *Polke* had title only to the half of the land. The title to the remaining half is in the oldest son of *Aubenaubee*. It is therefore not necessary, according to this view of the case, to decide whether the sale of the minor heir's interest, made under the decree of the *Wabash* Probate Court, be valid or not. Admitting that it is valid, and that the proceedings must stand until they are reversed, it is manifest that *Polke* sold to the complainant land for which he had no title.

We are satisfied, therefore, that this is a proper case for the interference of a Court of equity. It appears that the complainant was deceived by the false representations of the vendor as to his title, and that he remained ignorant of the fact that the vendor had not a good title, until after the rendition of the judgment at law. This excuse for not defending at law is sufficient to authorize the interference of a Court of equity. *Williams* v. *Lee*, 3 Atk. 223.—*Simpson* v. *Hart*, 1 J. C. R. 98.—*Shelmire* v. *Thompson*, 2 Blackf. 270. The defendant, it is true, alleges that the complainant knew all the facts of the case as well pending the suit at law as he did when he filed his bill, and that he pleaded the same matter in bar of the action at law; but no proof of the allegation, although the proof was within his reach if the allegation be true, has been adduced. *Bowser* v. *Bliss*, May term, 1845.

*The Court* rendered a decree enjoining the judgment, and for costs.

*C. Fletcher*, *O. Butler*, *S. Yandes*, and *W. Wright*, for the complainant.

*J. B. Niles* and *H. Cooper*, for the defendant.