WARREN
v.
CAREY.

---

## WARREN *v.* CAREY.

Suit by *A.* against *B.* upon a promissory note for 170 dollars. *B.* answered, that *A.* fraudulently represented to him, *B.*, that one *C.* held the legal title to a certain tract of land, &c., but had sold it to one *D.* and had given him a bond for a conveyance; that *A.* then owned the land, having bought it from *D.* and received an assignment of his bond; that *B.*, confiding in these representations, was induced to buy the land for 255 dollars; that *A.*, as part of the contract, stipulated that he would then cause *C.* to convey the undivided four-fifths of the premises to *B.* by deed in fee with full covenants of warranty, and also to execute a bond binding him to make a similar deed to *B.* for the remaining fifth by *June* 1, 1856; that the deed and bond were executed, &c., and *B.* paid *A.* 170 dollars in cash, and gave him the note sued on, and another for 35 dollars due *June* 1, 1856; that the legal title to only three-fifths of the premises belonged to *C.*, the other two-fifths being the property of, &c.; and that immediately after executing said bond *C.* left the state, and was notoriously insolvent, &c. The 170 dollars paid was alleged to be more than three-fifths of the value of the whole tract. The answer,

which was verified by oath, prayed, by way of counter-claim, that the collection of the note sued on, and the negotiation or compulsory payment of the 35 dollar note, might be enjoined, until *C.* should make a valid deed to all the land, &c. Demurrer to the answer overruled, and the injunction granted. *Held,* that it was not necessary to support the injunction that an offer to rescind the contract of sale should have been made.

*Held,* also, that the injunction was properly granted.

*Tuesday,
November 28.*

APPEAL from the *Boone* Circuit Court.

DAVISON, J.— *Carey* sued *Warren* before a justice of the peace, on a promissory note for the payment of 50 dollars. There was a judgment by default against *Warren,* from which he appealed. In the Circuit Court, *Warren* answered the complaint. To this answer there was a demurrer sustained, and judgment given for *Carey.*

The answer alleges that *Carey,* with intent to defraud *Warren,* represented to him that one *David Schooley* held the legal title to a certain tract of land in *Boone* county; but had sold it to one *George Miller,* and gave him a bond for a conveyance; that he, *Carey,* then owned the land, having bought it from *Miller* and obtained from him an assignment of said bond; that *Warren,* believing these representations to be true, and relying upon them, was induced to buy the land for 255 dollars; that *Carey,* by the contract of sale, stipulated that he would at that date cause the said *Schooley* to convey the undivided four-fifths of the premises to *Warren,* by deed in fee, with full covenants of warranty; and also that *Schooley* would execute a bond binding himself to make a similar deed to *Warren* for the remaining one-fifth, by the 1st of *June,* 1856, which deed and bond were both executed and delivered to *Warren,* who, in compliance with the contract on his part, paid *Carey* 170 dollars in cash, gave him the note sued on, and also another note for 35 dollars due *June* 1st, 1856.

It is alleged that *Carey's* representations relative to the title were wilfully false and fraudulent; that neither *Schooley* nor *Carey* had any title whatever to two-fifths of the premises; that the legal title to one of the four-fifths actually conveyed, belongs to one *James Schooley,* and the one-fifth for which the bond was given is owned in fee by one *Andrew Schooley;* that *David Schooley* immediately

after he executed the deed and bond, left the state, and has become notoriously insolvent. It is averred that the amount paid, viz., 170 dollars, is more than three-fifths of the real value of the whole tract. The answer assumes the form of a counter-claim and prays the Court to enjoin proceedings on the note in suit, and also the negotiation or coercion of payment of the note due *June* 1st, 1856, until *Carey* shall make, or cause to be made, a valid deed to all the land contemplated by the contract of sale. The answer was verified by *Warren's* oath.

The facts stated in the answer are admitted by the demurrer. They present a strong case. It is shown that *Carey* made representations respecting the title, which he knew to be false. These representations were believed and relied on by *Warren*, and by them he was deceived. Three-fifths of the tract has been already paid for, and for the residue neither *Carey* nor *Schooley* has any title. It would seem to be in conflict with the plainest principles of justice to require the appellant to part with more money in payment for the land, until he has full assurance of a valid title to the whole tract.

But it is contended that *Warren*, until he had offered to rescind the contract of sale, was not entitled to the restraining power of the Court. We perceive no force in that position. The answer *does not seek to rescind, but rather to enforce,* the contract. Its object is to enjoin the vendor from collecting the purchase-money, until he shall have made good his representations respecting the title to the premises. An offer to rescind was, therefore, unnecessary.

No doubt *Warren*, on account of the vendor's fraud, had the right to insist upon a rescission of the contract, to tender back a deed to the premises for which he had received a conveyance, and recover the money advanced in payment; but that was not his only remedy, especially against a fraudulent party, to whom the law extends no favors. In *Addleman* v. *Mormon*, 7 Blackf. 31, "a vendee of real estate filed a bill in chancery to restrain the vendor from the collection of the purchase-money, until the latter should pay off a mortgage on the land according to his agreement.

Nov. Term, 1854.

WARREN
v.
CAREY.

*Held,* that it was not essential to the success of the suit, that the complainant should have tendered back to the defendant a deed for the land." The principle is further illustrated in *Fitch* v. *Polke, id.* 564. There a judgment at law against the vendee of real estate for a balance of unpaid purchase-money was enjoined, because he had been deceived by the representations of the vendor that he owned the whole land, where in fact his title extended to one-half only. See, also, *Buell* v. *Tate, id.* 55. The case under consideration is fully sustained by these authorities. It is true, *Warren* accepted the deed and bond from *Schooley;* but that was done pursuant to the contract with *Carey,* who was in reality the vendor, and as such, under his contract, responsible to the vendee for a valid title.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*L. C. Dougherty* and *T. J. Cason,* for the appellant.

*A. J. Boone,* for the appellee.