*A. Iglehart,* for appellant.

*J. S. Buchanan, H. C. Gooding,* and *J. M. Shackelford,* for appellee.

———————•———————

## WARD *v.* BATEMAN.

SUPREME COURT.— *Bill of Exceptions.* — *Evidence.*—Where a bill of exceptions, although professing to contain all the evidence given in a cause, shows upon its face that this is not true, the Supreme Court will not consider the question of the sufficiency of the evidence.

SAME.—*Bill of Particulars.*—*Striking Out.*—*New Trial.*—The action of the court in striking out parts of a bill of particulars cannot properly be assigned as a cause for a new trial; questions concerning such action of the court should be reserved and presented to the Supreme Court in the same manner as questions in reference to striking out other parts of the pleadings are reserved and presented.

APPEAL from the Wayne Common Pleas.

DOWNEY, J.—Suit by the appellee against the appellant and another on a promissory note. Answer; reply; trial by the court; finding for the plaintiff; motion for a new trial overruled; exception; and judgment.

Ward *v.* Bateman.

It is alleged by the appellant that the court erred in refusing to grant a new trial. The new trial was asked, first, because the finding of the court was not sustained by the evidence; second, was contrary to law; third, because the court struck out some of the items of the bill of particulars.

The bill of exceptions, though it professes to contain all the evidence, shows that it does not. The promissory notes given in evidence, by each party, are not set out. Persons are referred to by letters of the alphabet, thus: K. & B., F. R., &c. It professes to be the notes of the evidence as taken down by the judge who tried the case, and not a statement of it at length. It involves, among other things, a statement of a partnership account between the parties.

In *The State* v. *Swarts*, 9 Ind. 221, this court said: "The bill of exceptions closes with the formal words, 'this was all the evidence,' &c. But, unfortunately, the bill itself elsewhere discloses, that there was other evidence given which it does not contain. It opens by saying that the plaintiff gave in evidence a certain record. But there is no record copied into the bill of exceptions, or otherwise referred to. Hence, as the bill of exceptions does not contain that part of the evidence, it cannot contain all the evidence. It follows that the formal words, as to all the evidence in the cause, are not correct."

- If we could, under such a bill of exceptions, consider the question as to the sufficiency of the evidence, we should feel compelled to reverse the judgment. The only statement as to the plaintiff's evidence, in his original case, is this:

"PLAINTIFF'S EVIDENCE.

"1. Note of defendants, Oct. 22d, 1866.    $1,038.00."

We could not determine from this whether the note on which the suit was brought was given in evidence or not; for although the date and amount correspond with those of the note described in the complaint, the time when it matured is not shown. It is not impossible or improbable that other notes of the same date and amount may have been executed at the same time. The same may be said with reference to

three or more notes relied upon as matters of set-off by the defendant.

The form of the bill of exceptions forbids us to examine the question as to the sufficiency of the evidence.

The error complained of with reference to the striking out of some of the items of the bill of particulars, is not reached by a motion for a new trial. The bill of particulars is a part of the pleadings, and questions concerning the action of the court in striking out parts of it should be reserved and presented to this court in the same manner as questions with reference to striking out other parts of the pleadings are reserved and presented.

The judgment is affirmed, with five per cent. damages and costs.

*W. A. Bickle,* for appellant.

*W. S. Ballinger,* for appellee.