*J. G. Howard, J. H. Stotsenburg,* and *T. M. Brown,* for appellees.

———————•———————

## STRONG *v.* DOWNING.

PARTIES.—*Assignor.—Demurrer.*—In a suit on a note and mortgage by one to whom they have been assigned, not by indorsement, but by a separate instrument, the assignor should be made a defendant, to answer as to the assignment; and if he be not made a party, the defect may be reached by demurrer assigning a defect of parties defendants, but not by demurrer assigning want of sufficient facts.

VENDOR AND PURCHASER.—*Title.—Purchase-Money.—Injunction.*—A suit on a note and to foreclose a mortgage on real estate executed to secure said note will not be enjoined on the ground that the note and mortgage were given for an unpaid balance of the purchase-money of the land mortgaged; that a suit is pending in the proper court, brought by third persons by the procurement of the vendor, who is actively prosecuting the same, to set aside the title of the vendor's grantor as to a part of the land, and to recover said part from the grantee, between whom and the persons prosecuting said suit there is no collusion; that said vendor is a resident of another state, and has no property here except said mortgage, and is reputed to be insolvent; that the vendee in taking the conveyance relied more on the validity of the title than on the covenants in the deed, and had no knowledge of the alleged defect in the title or of facts on which such defect could be predicated; it not appearing that there

Strong *v.* Downing.

was any fraud on the part of the vendor in reference to the title, or that he was solvent at the time of making the deed, or that the vendee did not know that he was insolvent and a non-resident at that time.

APPEAL from the Elkhart Common Pleas.

DOWNEY, J.—Downing sued Strong, to foreclose a mortgage executed by Strong to one Weeks, to secure the payment of two promissory notes. The notes and mortgage had been assigned by Weeks to Downing by a separate instrument, and not by indorsement.

There was a demurrer to the complaint for the reason that it did not state facts sufficient to constitute a cause of action, which was overruled, and exception taken.

This is the first error assigned. We discover no defect in the complaint, except that as Weeks did not indorse the notes, but assigned them by a separate writing, he should have been made a defendant to answer as to the assignment. 2 G. & H. 38, sec. 6.

But this defect is not reached by demurring in the form which was adopted by the appellant. He should have demurred for the reason that there was a defect of parties. *Collins* v. *Nave,* 9 Ind. 209; *Mandlove* v. *Lewis, id.* 194.

The first paragraph of the answer was a general denial. In the second paragraph, which assumes the form of a cross complaint, it is alleged, that the notes and mortgage were given for part of the purchase-money of the tract of land described in the mortgage; that Weeks, the payee, was the attorney in fact of the appellee, and as such, in his name, executed the deed, and took the mortgage and notes to himself and then assigned them to the appellee; that the appellee conveyed the land to defendant by a warranty deed, a copy of which is filed with the cross complaint; that the price of the land was fifteen hundred dollars, and that two hundred dollars thereof had been paid; that Downing resides in the State of California, and has no property here, except the mortgage, and is reputed to be insolvent; that there is a suit pending in the circuit court of Elkhart county, brought by sundry persons against the defendant and others, in which

the plaintiffs are seeking to recover thirteen-fourteenths of the land; that the plaintiff procured said action to be brought and is actively engaged in its prosecution; that there is no connivance or collusion between the defendant and the persons prosecuting the suit; that when he took the deed he relied on the validity of the title more than on the covenants in the deed, and was ignorant of the alleged defects in the title, as well as the facts upon which such defect could be predicated; that the plaintiff has never had the legal title to more than one-fourteenth of said land except as derived through one Weston, whose title it is sought to set aside in such suit; that the success of the plaintiff in that action will deprive the defendant of all title and right to the mortgaged premises.  A copy of the complaint in the action in the circuit court is made part of the cross complaint.

Prayer, that the plaintiff may be restrained from proceeding to foreclose the mortgage, &c., and that if the land shall be taken away from the defendant by the result of the action in the circuit court, the notes and mortgage may be surrendered up to him.

The cross complaint is verified by the affidavit of one of the defendant's attorneys, for and on behalf of the defendant, who swears that the allegations are true as he verily believes.

There was a demurrer to this paragraph of the answer and cross complaint, which was sustained by the court.

The case was then submitted to the court for trial, and there was a finding for the plaintiff, a personal judgment rendered against the defendant, an order made for the sale of the mortgaged premises and for execution for any amount remaining due after exhausting the mortgaged premises.

It is quite clear that the facts set up in this paragraph do not amount to a defense at law against a judgment for the purchase-money, nor do we understand the appellant to insist upon that.  But it is claimed by him that they show such a case as will justify and require the enjoining of the collection of the purchase-money, until the suit in the circuit

court shall have been ended, and perpetually, if that suit shall result in taking the land away from him.

Our inclinations have been towards the allowance of the injunction, and we have examined, carefully, the authorities relied upon to sustain the right to it; but the result of the examination has been to satisfy us that, upon the facts stated, the claim to injunctive relief cannot be allowed. There is in the cross complaint no allegation of fraud, which seems to be an important element to justify the interposition of the chancellor. It is not alleged that the grantor, Downing, was solvent at the time of making the deed, nor that the appellant did not know of his insolvency and non-residency, at that time. Indeed, the conveyance itself shows that he was a resident, at that time, of California.

In *Warren* v. *Carey*, 5 Ind. 319, it was alleged that there were false and fraudulent representations with reference to the title, on the faith of which the deed, &c., was taken, and the party entered into possession; that the grantor had removed from the State, and had become insolvent. There was also a positive allegation of a want of title to two-fifths of the land, while here there is no such allegation, but only a statement that a suit was pending involving the title, which might result in depriving the appellant of the land.

In *Fitch* v. *Polke*, 7 Blackf. 564, the court say, " It appears that the complainant was deceived by the false representations of the vendor as to his title," &c.

In *Patton* v. *Taylor*, 7 How. 132, it is held, that a bill in chancery filed by the purchaser of land against his vendor to restrain the collection of the purchase-money upon the two grounds of want of title in the vendor and his subsequent insolvency, without charging fraud or misrepresentation, cannot be sustained. See, also, *Wiley* v. *Fitzpatrick*, 3 J. J. Mar. 582. The demurrer was rightly sustained.

We need not examine the question made by the appellee as to the verification of the cross complaint.

There is nothing showing any error in the disposition of the case after sustaining the demurrer to the cross complaint.

The record shows that the appellant refused to plead over, but abided the decision of the court upon the demurrer to his cross complaint; that the cause was submitted to the court for trial, "by the plaintiff," and the court having heard the evidence, &c., finds, &c. The appellant argues that there was error "in the rendition of judgment as upon default, there being on file an answer of general denial." But this position is in contradiction of the record, for it says the cause was submitted to the court "for trial," &c.

The judgment is affirmed, with one per cent. damages and costs.

*W. A. Woods* and *J. D. Arnold*, for appellant.
*J. H. Baker* and *J. A. S. Mitchell*, for appellee.