## HINKLE v. MARGERUM ET AL.

VENDOR AND PURCHASER.—*Fraudulent Representations as to Title.*—Where a vendor fraudulently represents that he has a good and perfect title to the real estate sold, and the vendee, relying on such representation, is induced to purchase, the collection of the purchase-money may be enjoined until the title shall have been made good, as represented.

SAME.—*Pleading.*—In seeking to enjoin the collection of the purchase-money in such case, the action is based on the fraud, and not on the covenants in the deed from the vendor to the vendee, and such deed need not be made a part of the pleading.

PLEADING.—*Demurrer.*—*Pleading not Signed.*—An objection that a pleading is not signed by counsel cannot be made on demurrer

PRACTICE.—*Bill of Exceptions.*—Where a bill of exceptions shows that evidence was given which is not contained in the bill, the court cannot consider whether the finding is sustained by the evidence.

VENDOR AND PURCHASER.—*Evidence.*—Where the collection of purchase-money of real estate is sought to be enjoined, on the ground of fraudulent representations as to the title, where the real estate was school lands, it is competent for the vendor to show in evidence, to rebut the allegations of fraud, the loss of the certificate of sale made by the auditor, the register of the auditor showing the sale, payments made, and the institution of proceedings to obtain a new certificate.

PRACTICE.—*Supreme Court.*—After a cause is submitted by a written agreement, it is too late to object to the clerk's certificate, on the ground of informality.

SAME.—*Motion for New Trial.*—A motion for a new trial may be made at any time after judgment, at the same term of court.

PLEADING.—*Counter-Claim.*—To a complaint on promissory notes, a pleading alleging facts arising out of or connected with the cause of action, as a foundation of a claim against the plaintiff to enjoin the collection of the notes, is a counter-claim.

From the Randolph Circuit Court.

A. Jaqua and I. P. Gray, for appellant.

A. Gullett, E. L. Watson, and L. J. Monks, for appellees.

WORDEN, J.—The appellant sued the appellees on certain promissory notes executed by the defendants to the plaintiff. The defendants filed an answer of several paragraphs, which need not be noticed in this opinion. They also filed a cross complaint, alleging, in substance, that Margerum was the principal in the notes, and Howard surety thereon; that the notes were given for the purchase-money in part for certain land described, sold and conveyed by Hinkle to Margerum by warranty deed, excepting from the covenants the lien of the congressional township school loan number 3, etc.; that Hinkle, at the time of the execution of the deed was not seized of the land, and had no right thereto or interest therein; that the paramount title thereto was, and still is, in a specified congressional township in said county, whereby the covenants of the deed are broken; that at the time of the sale and the execution of the conveyance, " the said plaintiff, for the purpose of inducing the said Margerum to purchase said real estate, knowingly, falsely, and fraudulently, represented and stated to him, said Margerum, that he had a good and perfect title in fee simple to said real estate, except the said mortgage to the school fund; that said Margerum relied upon said representations, and believing them to be true was induced thereby to purchase the said real estate and take said deed of conveyance;" that said Margerum, believing that the plaintiff had a good title to the premises, took possession thereof and held the same sixteen months, when he ascertained that he had no title thereto, and surrendered the premises to the party then having the paramount title, and has been out of possession ever since; that said Hinkle is wholly insolvent. Prayer, that the plaintiff be enjoined from the collection of the notes until he shall have made to Margerum a good title to the premises, and for other relief.

Demurrer to cross complaint, for want of sufficient facts, overruled, and exception.    Answer.

The cause was tried by the court, who found the matters alleged in the cross complaint to be true, and adjudged that the plaintiff in the original action be enjoined from the further prosecution thereof, and from collecting or attempting to collect the notes sued on, until he should have made or caused to be made to Margerum a good and sufficient title to the premises, subject to the lien of the congressional township for the school loan.    Motion for a new trial overruled, and exception.

It is objected by the appellant that the demurrer should have been sustained to the cross complaint.    We are of opinion, however, that it was sufficient.    There is a good allegation of fraud, in this, that Hinkle, knowingly, falsely, and fraudulently, represented to Margerum that he had a good and perfect title in fee simple, except the school fund mortgage, and that Margerum relied upon the representations, and, believing them to be true, was induced thereby to purchase the land and take the conveyance.    In such case, it is settled by the authorities that a court of equity will enjoin the collection of the purchase-money until the title shall have been made good as represented.    *Warren* v. *Carey*, 5 Ind. 319 ; *Wiley* v. *Howard*, 15 Ind. 169 ; *Strong* v. *Downing*, 34 Ind. 300.

But it is claimed that the demurrer should have been sustained, because a copy of the deed from Hinkle to Margerum is not made a part of the cross complaint.    The latter professes to set out a copy of the deed, but no copy is attached thereto.    There was a copy of the deed filed with a paragraph of the cross complaint, to which a demurrer had been sustained.    The paragraph of the cross complaint which we have been considering, and which was held good, did not refer, for a copy of the deed, to the copy which was filed with the other paragraph.    The paragraph with which a copy was filed, having gone out on demurrer, and the paragraph held good making no reference to the copy filed with the other paragraph, we are of opinion that the copy filed cannot be regarded as

part of the paragraph held good. But the gist and foundation of the cross action is fraud, and not a breach of the covenants in the deed. Without fraud, the action could not be maintained. *Strong* v. *Downing, supra,* and authorities there cited.

In the case of *Fitch* v. *Polke,* 7 Blackf. 564, a case entirely in point in principle, there were no covenants, or, if there were, they were not alluded to or considered, but the case was decided solely on the ground of the false representations of the vendor as to his title. As the breach of covenant was not the foundation of the cross action, there was no need of setting out a copy of the deed containing the covenants. *Heitman* v. *Schnek,* 40 Ind. 93.

It is objected that the cross complaint is not signed by counsel. This objection, if it exists, cannot be made on demurrer.

It is insisted by counsel for the appellant that the evidence did not sustain the finding of the court. But, on the other hand, it is objected by counsel for the appellees that the bill of exceptions does not contain all the evidence, and, therefore, that this court cannot pass upon that question. There is a bill of exceptions in the record, which professes to set out all the evidence, but it is apparent on the face of it that it does not. It shows that the notes sued on were given in evidence, but they are not contained in the bill. It shows that a deed from Hinkle and wife to Margerum was put in evidence, and a blank mortgage, but they are not contained in the record. The same may be said of a deed from Mary Delong and her husband to Sarah Jane Debolt, and a deed from the latter to James L. Hinkle. Under these circumstances, we cannot consider whether the finding is sustained by the evidence. The following authorities, and perhaps many others not noted, are conclusive upon this point: *The State* v. *Swarts,* 9 Ind. 221 ; *Smith* v. *The State,* 28 Ind. 321, 325 ; *Ward* v. *Bateman,* 34 Ind. 110.

During the progress of the trial, and at a proper time, the plaintiff offered in evidence the affidavit of William Warren, the guardian of the minor heirs of Mary Delong, deceased, made before the county auditor, showing that land embracing

that in controversy here, which was school land, had been sold by the proper authority to one Levi Girten, and that a certificate had been issued to him therefor, and that the same had come to Mary Delong by proper assignment; that Mary Delong was dead, and that the certificate was lost. The object and prayer of the affidavit was to procure from the auditor a new certificate in favor of the heirs of Mary Delong, deceased. The plaintiff also offered in evidence the register of the sale of school lands kept in the auditor's office, for the purpose of showing the sale of school lands and the issuing of certificates of purchase, and showing payments of interest. This register showed the issuing by the auditor of a new certificate of sale to the minor heirs of Mary Delong, deceased, of land, including that in controversy, on January 27th, 1873. The plaintiff also offered in evidence the notice of the intended application for the issuing of the new certificate, and the proof of the publication thereof. This evidence was all objected to, but upon what ground does not appear, and excluded. Exception.

The statute authorizes the auditor, upon the loss of a certificate, and upon proper proof thereof by affidavit and notice, to issue a new certificate to the person entitled thereto. 3 Ind. Stat. 456, sec. 68. We think the evidence offered was competent to show the loss of the original certificate, and we do not see why the new certificate may not have enured to the benefit of the appellant, who it may be inferred from what evidence is in the record claimed title under a deed for the land executed by Mary Delong in her lifetime. If Mary Delong had procured the issuing of a new certificate to herself in her lifetime, after having conveyed away the land by a warranty deed, and perhaps without a warranty deed (*Shumaker* v. *Johnson,* 35 Ind. 33), it would seem that the new certificate would have enured to the benefit of her grantee, or those claiming under him. And it seems to us that the certificate issued to the heirs of Mary Delong must also have enured to the benefit of her grantee, or those claiming under him. It may be gathered from the evidence in the record that

the plaintiff claimed the land under a conveyance from Mary Delong. If Mary Delong was the holder of the certificate, and her right came to the plaintiff by proper conveyances, these facts would be strong evidence to rebut the imputed fraud. It may be inferred from what appears in the record, that the plaintiff's deed to Margerum conveyed to the latter the entire equity in the land, subject to the amount due to the school fund, which Margerum was to pay as part of the consideration. If so, Margerum, on the payment of the residue due on the land, could, on the institution of proper proceedings, have a deed made from the auditor to himself, thus vesting in himself the legal title. See act approved February 27th, 1863, 3 Ind. Stat. 477.

We are not informed by the brief of counsel for the appellees, upon what ground the evidence was rejected, or why it was supposed to have been incompetent. It seems to us to have been admissible, and that the court erred in rejecting it.

The appellees object that the certificate of the clerk to the record is informal, but the parties submitted the cause by a written agreement, endorsed on the record. In our opinion, it is too late, after making such submission, to object to the informality of the clerk's certificate.

The appellees also object that the appellant's motion for a new trial was made after the judgment was rendered. This objection is well taken in point of fact, but has no force in point of law. The motion for a new trial was made after the judgment was rendered, but at the same term. That was sufficient. 2 G. & H. 215, sec. 354. The criminal code seems to be different. 2 G. & H. 424, sec. 143.

The appellees have also assigned several cross errors. They have, however, in their brief pointed out no supposed error, except in one ruling, which we will proceed to consider. The error assigned and pointed out consists in sustaining a demurrer to what is called the third paragraph of the defendants' answer. The pleading alluded to was really a paragraph of the cross action or counter-claim. It set up the same facts heretofore stated as contained in the cross complaint (but in

another paragraph thereof), except the allegations of fraud. It prayed affirmative. relief, viz., that upon the hearing of the cause the plaintiff be enjoined from proceeding further with his suit, and from the collection of the notes, until he should have made or caused to be made to Margerum a good and sufficient title to the premises, and for other and further relief. This paragraph, though it professed to be pleaded as an answer in the action, was a paragraph of counter-claim. It could not be both an answer in bar of the action and a counter-claim. It alleges facts arising out of or connected with the cause of action, as the foundation of the claim against the plaintiff to enjoin the collection of the notes, and prays for that relief. It is therefore a counter-claim, and nothing else. *Campbell* v. *Routt*, 42 Ind. 410, 415.

From what has already been said in this opinion, it appears that the paragraph is not good as a paragraph of counter-claim, for the want of an allegation of fraud. See *Strong* v. *Downing, supra*, and authorities there cited.

We need not examine whether the paragraph would be a good bar to the action, as the pleading does not perform the office of an answer in bar.'

For the error in excluding the evidence offered, the judgment must be reversed.

The judgment below is reversed, at the costs of the appellees, and the cause remanded for a new trial.