*Norris v. Tharp et al.*

<hr>

## NORRIS *v.* THARP ET AL.

PROMISSORY NOTE.—*Fraudulent Representations.*—*Counter-Claim.*—*Written Lease.*—*Landlord and Tenant.*—*Rescission.*—In an action by the payee.

against the makers, a principal and surety, upon a promissory note executed in part consideration of a lease of real estate, made by the payee, to the principal, by a writing which was silent as to the character and condition of the real estate leased, the principal answered by way of counter-claim, setting out the lease, alleging the suretyship, and averring that the payee, in making such lease, had falsely and fraudulently represented to the principal that the real estate was so underdrained as to be fit for farming equally well in wet and dry seasons; that he had no means of ascertaining whether or not such representations were true, and, relying upon them, accepted the lease and executed the note; and that such representations were false, that a part of the lease was during a wet season, and that for want of underdraining his crops had failed.

*Held*, on demurrer, that the answer is sufficient as a counter-claim.

From the Miami Circuit Court.

*R. P. Effinger*, *L. Walker* and *C. A. Cole*, for appellant.
*J. L. Farrar* and *J. Farrar*, for appellees.

PERKINS, J.—Orville M. Tharp sued William D. and Samuel Norris upon a promissory note, of which the following is a copy :

" $360.                               August 1st, 1873.

" Three years after date, we promise to pay to the order of O. M. Tharp three hundred and sixty dollars, with interest at ten per cent. per annum, value received, after maturity, without any relief whatever from valuation or appraisement laws. If this note be collected by suit, the judgment shall include a reasonable fee for plaintiff's attorney, and shall bear ten per cent. interest after maturity.

                                   " WILLIAM D. NORRIS,
              .                    " SAM'L NORRIS."

William D. Norris answered, that the note sued on is one of the notes mentioned in the following contract, viz. :

"Article of agreement made and entered into between Orville M. Tharp, of Miami county and State of Indiana, of the first part, and William D. Norris and Samuel Norris, of Wabash county and State of Indiana, of the second part, and provides as follows, viz. : " [Here follows a lease for

three years, of a farm, containing specifications as to crops and manner of cultivation, but containing no statements as to the character or condition of the land ; the lease concluding with the statement that the lessee agrees to pay the sum of $360 per annum, for which he and his surety executed their notes to said Tharp.]   The lease is signed by—

" ORVILLE M. THARP,
" WILLIAM D. NORRIS,
" SAMUEL NORRIS."

Samuel Norris was surety for William D. Norris, but died after the commencement of this suit.

Said William D. Norris further averred, that said note " was given for the rental of the said real estate, and for no other or different consideration ; that the other two of said notes have been fully paid by this defendant ; and he further alleges, that, at and previous to the time of the execution of said lease and notes, and as an inducement to their execution, and to the entering into said contract by this defendant, the plaintiff represented to him that the said land, which he proposed to lease to this defendant, was thoroughly underdrained and suitable for tillage, both in wet and dry seasons; that this defendant, knowing nothing of the facts in that regard, and having no means prior to the execution of said contract of ascertaining the same except from the statements of said plaintiff as aforesaid, and relying upon the representations so made, was induced to enter into said contract and execute said notes, whereby he agreed to pay the full value and price for the use of land underdrained and suitable for tillage, as aforesaid. And the defendant avers, that the representations so made by said plaintiff to him as aforesaid were false and fraudulent; that said land was not underdrained and suitable for tillage as aforesaid, but was without underdrainage, and unsuited for tillage in wet seasons ; that, during the time the same was occupied by this defendant under the said

lease, particularly during the last two years, the same was so wet and heavy by reason of the lack of underdrainage, as to be unfit for tillage, and unsuitable for the raising of any crops thereon; that, during the years 1875 and 1876, the period of said occupancy for which the note sued on in this action was given, the said land, for the reasons aforesaid, for the lack of such underdrainage, was unfit for cultivation, and unsuited for raising crops. Wherefore this answer is made a counter-claim, and he prays judgment for relief," etc. He avers that Samuel Norris was surety only in the agreement.

A demurrer, for the want of facts, was sustained to the paragraph; the defendant excepted, and refused to answer over. Thereupon the court rendered judgment for the plaintiff.

The defendant appealed, and assigns for errors:

1. The court erred in sustaining the demurrer to the paragraph of answer or cross complaint;

2. The court erred in including an attorney's fee in the judgment.

It may be remarked here that no objection or exception was made or taken to the judgment below. However, there is nothing in the second assignment of error. *Thompson* v. *Davis*, 29 Ind. 264.

We think the first error is well assigned. *Beaver* v. *The President, etc.*, 34 Ind. 245; *Hinkle* v. *Margerum*, 50 Ind. 240; *Strong* v. *Downing*, 34 Ind. 300.

The representations averred in the answer to have been made by Tharp to Norris, as inducements to the latter to take the lease of the farm and execute the note sued upon, were of material matters, largely affecting the value of the lease. And it is averred in the answer, that those representations were false and fraudulent; that they were relied upon as true by the defendant, appellant here, and that damage was occasioned, etc. And we think the circum-

stances under which they were made were such as to justify the party to whom they were made in relying upon said representations.

Such being the case, the party defrauded had a right to bring an action for damages, while, had he so elected at the proper time, he might have sought a rescission of the contract.

In *Shaeffer* v. *Sleade*, 7 Blackf. 178, SULLIVAN, J., in delivering the opinion of the court, said:

"At law, an action may be maintained for false representations, made by a vendor to a purchaser, of matters within the peculiar knowledge of the vendor, whereby the purchaser is injured."

*Harvey* v. *Smith*, 17 Ind. 272, was an action for damages occasioned by false and fraudulent representations in the sale of property, and the action was sustained.

The appellant, then, having a right to maintain an action for damages for the fraud, might recover such damages, upon a counter-claim, in the action by the fraudulent lessor to recover the price agreed to be paid upon the lease.

The court erred in sustaining the demurrer to the answer. It was judicious that the counter-claim should be filed in the suit upon the last note, as the damages at that time could be determined with more accuracy.

The judgment is reversed, with costs; cause remanded for further proceedings in accordance with this opinion.