No. 8480.

## FEHRLE ET UX. *v.* TURNER.

VENDOR AND PURCHASER.—*Title.*—*Purchase-Money.*—*Mortgage.*—*Injunction.*—*Equity.*—In an action by the assignee of a note and mortgage given for purchase-money of real estate, a cross complaint, alleging that the mortgage sought to be foreclosed embraced other lands than that for the purchase-money of which the notes sued on were given; that the grantor to whom the mortgage and notes were given, and by whom they were assigned, conveyed a portion of the real estate described in the mortgage, with covenants of warranty, and that such grantor is insolvent; that a suit is now pending against the parties to this action and the mortgagee, by parties claiming a paramount title, for the purpose of settling the question of title to the land conveyed by the mortgagee; and asking that the action upon the note and mortgage be restrained and delayed until the determination of the suit in relation to the title, is sufficient on demurrer.

SAME.—*Case Overruled.*—In such case equity will enjoin the proceeding to enforce collection of the note and mortgage until the result of the suit for the determination of the title to the lands purchased is ascertained. *Strong* v. *Downing*, 34 Ind. 300, overruled on this point.

From the Newton Circuit Court.

*J. R. Troxell* and *T. C. Annabal*, for appellants.
*S. P. Thompson* and *T. Thompson*, for appellee.

Fehrle *et ux. v.* Turner.

Morris, C.—The appellee, who was the plaintiff below, commenced this suit to foreclose a mortgage on eighty acres of land, situate in Newton county, executed by the appellants to Robert C. Currens, to secure the payment of two promissory notes, dated March 26th, 1877, each calling for $500, executed by the appellant Christian, and payable to the order of said Robert C. Currens, in one and two years, with ten per cent. interest and five per cent. attorney's fees, and duly assigned by endorsement to the appellee.

The appellants appeared to the action, and Christian Fehrle filed a counter-claim, the object and purpose of which was to restrain the appellee from proceeding in his suit to foreclose said mortgage until the title to part of the real estate described in the mortgage, for the purchase-money of which the notes secured by the mortgage were given, could be settled. The appellee demurred to this counter-claim; the demurrer was sustained. The appellants then answered the complaint in several paragraphs, to which the appellee replied. The cause was submitted to the court; finding for the appellee. Christian Fehrle then moved the court for a new trial, which motion was overruled. There was judgment for the appellee and a decree foreclosing said mortgage.

The ruling of the court upon the demurrer is assigned for error. Other errors are assigned, but, as the appellants insist upon this alone, no other will be considered.

The appellant states in his cross complaint or counter-claim, that on the 26th day of March, 1877, he purchased from the payee of the notes mentioned in appellee's complaint, a portion of the real estate described in said mortgage, to wit, the southeast quarter of the southeast quarter of section 25, township 27 north, of range 8 west, in Newton county, Indiana, containing forty acres; that it was worth $2,000, which sum the appellant agreed to give for it, paying said Currens at the time he purchased, $1,000, and executing said notes and mortgage for the balance of

the purchase-money; that Currens conveyed the land to him by deed, with covenants of warranty; that the appellant took possession of the forty acres so conveyed to him, and has ever since occupied and cultivated the same. It is further averred that after said notes had been assigned to appellee, and after the appellant had paid interest upon them up to the 26th day of March, 1879, he learned, for the first time, that the heirs of one Allen May claimed to be the owners of two-thirds of said forty acres by him purchased from said Currens; that said heirs claimed said land by title paramount to that of said Currens; that said Currens is wholly worthless and insolvent, and if he, the appellant, should be compelled to pay said notes to the appellee, and said Mays should recover on their title, he will be wholly without remedy and will lose two-thirds of said forty acres for which the notes and mortgage in suit were given; that the loss will exceed the amount of said notes; that he continued to pay interest on said notes until apprised of the claim of said Mays, which claim he understands is made as the children of Allen May, through whom they claim under an instrument purporting to convey the title of said lands from the Peru and Indianapolis Railroad Company to Allen May, paramount to the title which he holds from said Currens; that he refused to make further payments on said notes until the title of said Mays should be established or defeated, and so informed the appellee, who thereupon brought this suit, and is now pressing the same to final judgment; that there is great danger that the Mays will be able to establish their claim, and that they will be held to be the legal owners of said land; that said Mays have commenced suit, and the same is now pending in this court, to establish their title to said land, but that process was not served in time for trial at the present term of this court; that appellant and appellees are parties to said suit, which seeks to set aside said mortgage; that this petition is presented at the earliest

moment, and he asks that the present suit shall be delayed and postponed until the suit so instituted by said Mays shall be determined, and prays that the appellee be restrained from proceeding in his suit to foreclose said mortgage. He presents a proper bond, and alleges notice. The cross complaint is verified.

The only question in this case is, did the court err in sustaining the demurrer to the appellant's petition for delay? The mortgage sought to be foreclosed embraced lands other than that for the purchase-money of which the notes sued on were given. The grantor, to whom the mortgage and notes were given, and by whom they were assigned to the appellee, conveyed by deed with covenants of warranty, and is alleged to have been insolvent and worthless. A suit had been commenced, and was then pending, against the parties to this suit, the mortgagee and others, by those claiming the alleged paramount title, for the purpose of settling the question of title to the land conveyed by the mortgagee to the appellant. Under these circumstances, the delay asked was reasonable and should have been granted. Upon the facts stated, equity would not require the appellant to assume the burden and risk of settling the question of title by way of defence to this action. Were he compelled to do so, he would still have the risk and burden of the litigation with the Mays, who are asserting, by suit in the same court, their alleged paramount title to a part of the land mortgaged, the value of which exceeds the amount due upon the notes in suit.

In the case of *Yonge* v. *McCormick*, 6 Fla. 368, it was held, that equity will enjoin the collection of purchase-money of land, on the ground of a defect of title after the purchaser has taken possession under a conveyance with covenants of general warranty, if the title is questioned by a suit, either prosecuted or threatened, or if the purchaser can show clearly that the title is defective. The same doc-

trine is held in Virginia and Maryland. *Koger* v. *Kane's Adm'r*, 5 Leigh, 606 ; *Dorsey* v. *Hobbs*, 10 Md. 412.

It is held in this State, that, in a suit to foreclose a mortgage on land conveyed by the mortgagee to the mortgagor, a defect of title will be no defence to the suit, for the reason that, if the mortgagor has no title, the foreclosure can not injure him. *Rogers* v. *Place*, 29 Ind. 577 ; *Plowman* v. *Shidler*, 36 Ind. 484 ; *Jackson* v. *Fosbender*, 45 Ind. 305.

In the case of *Strong* v. *Downing*, 34 Ind. 300, it was stated, by way of cross complaint, that the mortgage was given for a part of the purchase-money for the land therein described ; that the appellee conveyed by warranty deed ; that appellant paid $200 down, and gave the notes and mortgage sued on for the balance of the purchase-money ; that the price of the land was $1,500 ; that Downing lived in California, and had no property in Indiana, and was insolvent ; that there was then a suit pending in the Elkhart Circuit Court, brought by sundry persons against the appellant and others, in which the plaintiffs were seeking to recover $\frac{13}{14}$ of the land ; that the plaintiff procured said suit to be commenced, and that he was colluding with the parties plaintiffs in said suit ; that, when defendant took the deed, he relied upon the title more than on the covenant in his deed, and was ignorant of any defect in the same ; that the plaintiff never had the legal title to more than $\frac{1}{14}$ of the land. The appellant asked that the plaintiff in the suit to foreclose might be restrained from proceeding in said suit, etc., and that, if the land should be taken from him, the note and mortgage might be surrendered.

The court held that the cross complaint was bad ; that it did not contain facts sufficient to justify a postponement of the suit to foreclose the mortgage and recover the debt secured thereby. The court held that the facts did not constitute a defence at law against the suit to recover judgment on the notes, and that, unless fraud was charged, equity

would not interfere. The court cites *Warren* v. *Carey*, 5 Ind. 319, *Fitch* v. *Polke*, 7 Blackf. 564, and *Patton* v. *Taylor*, 7 How. 132. The cases referred to proceeded upon the ground of alleged fraud, but there was nothing in either of the cases holding that, upon a state of facts like those set up by Strong in his cross complaint, relief would not be granted. The present case differs from all that we have examined, in this, that the mortgage embraces land other than that for the purchase-money of which the notes were given. Should the appellee proceed with his foreclosure, and sell the mortgaged premises, the appellant would, in case the Mays should succeed, be without remedy. He would not only lose the land which he purchased, but an additional farm, and that, too, without any fault on his part, and in spite of his efforts for protection through the law and the courts. Upon the facts stated in the cross complaint, the mortgagee, or his assignee, ought not to complain if called upon to defend the title for which the notes were given, as the condition of his right to collect them.

In the case of *Miller* v. *Avery*, 2 Barb. Ch. 582, the principal ground upon which the chancellor refused relief was, that it did not appear in the complaint that the grantor was insolvent, and because no suit had been commenced to enforce the outstanding paramount title. The Chancellor says : "It is sufficient to say that it has frequently been decided that the mere fact of the failure of title in the vendor affords no sufficient ground for coming into this court for relief ; where the purchaser has not been disturbed in his possession, and no suit has been brought against him by the rightful owner of the land."

Here a suit is pending, and the mortgagee is insolvent and worthless.

In the case of *Woodruff* v. *Bunce*, 9 Paige, 442, the Chancellor says : "If the covenants have been actually broken and the grantor is insolvent, a court of equity may restrain

him from proceeding to collect the whole amount due for the purchase-money, and may offset the damages occasioned by the breach of the covenants of seizin or of warranty against such unpaid purchase-money."

It has been held that where a suit has been appealed to this court, and pending the appeal another suit is commenced for the same cause of action, the court should, upon a proper application, made before trial, stay the proceedings until the appeal in the former suit should be determined. *Walker* v. *Heller*, 73 Ind. 46.

In the case of *Johnson* v. *Gere*, 2 Johns. Ch. 546, Chancellor KENT held, that a purchaser, who was actually sued for the recovery of the land by one claiming a paramount title, is entitled to an injunction to stay the vendor from proceeding to enforce collection of his bond and mortgage until the result of the ejectment suit was ascertained, and that too, although the mortgagee was not alleged to be insolvent. This case has, perhaps, been somewhat shaken by the criticism of Chancellor WALWORTH in the case of *Miller* v. *Avery, supra.*

We think that, upon the facts stated in the appellant's cross complaint, the suit of the appellee to foreclose his mortgage should have been stayed until the suit of the Mays against the parties to this suit could be determined, and that the court erred in sustaining the demurrer to the cross complaint. The case of *Strong* v. *Downing*, 34 Ind. 300, is, so far as it may be in conflict with this case, overruled.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at costs of the appellee.