Wimberg *et al. v.* Schwegeman.

Filed Sept. 25, 1884.

No. 10,575.

WIMBERG ET AL. *v.* SCHWEGEMAN.

VENDOR AND VENDEE.—*Deed.*—*Breach of Covenant.*—*Purchase-Money.*—*Eviction.*—*Surrender of Possession.*—*Nominal Damages.*—Where possession of real estate is taken under a deed, the payment of the purchase-money can not be defeated without showing an eviction or surrender of possession to the owner of a paramount title. The breach of the covenant gives a right to nominal damages, but a judgment will not be reversed for a failure to award them.

SAME.—*Injunction.*—*Equity.*—*Insolvency.*—An injunction may, in a proper case, be granted to restrain the collection of the purchase-money of real estate, where covenants are broken by the total failure of title, but where the grantee is in possession, he must show some equity entitling him to resort to this extraordinary remedy. One of the facts that must be shown is the insolvency of the grantor.

MORTGAGE.—*Foreclosure.*—*Insolvent Decedent.*—*Heirs.*—*Child and Widow.*—*Sale by Administrator.*—*Cross Complaint.*—*Quieting Title*—N. K. died insolvent seized in fee of lands, leaving, surviving him, a child, and also a childless widow, who had been the second wife of decedent and was still living. The administrator sold, under the order of the court, "all the estate which said N. K. had in said land liable to be sold for the payment of his debts, amounting to two-thirds of the fee, and no more." The land was subsequently sold by the purchaser at the administrator's sale, and a mortgage given to secure the purchase-money; suit to foreclose the mortgage.

*Held,* that the child sustained no substantial injury by the refusal of the court to permit such child to assert a claim, by way of cross complaint, to an interest in the land as heir, and have her title quieted.

*Held,* also, that the interest sought to be subjected to the foreclosure proceedings did not include the widow's interest in the land, but only such interest as passed under the administrator's sale.

*Held,* also, that if the order of the court had included the interest of the widow, such order would have been void.

From the Vanderburgh Circuit Court.

*P. Maier* and *G. Palmer*, for appellants.

*J. S. Buchanan* and *C. Buchanan*, for appellee.

ELLIOTT, C. J.—This suit was brought by the appellee against William and Elizabeth Wimberg to foreclose a mortgage. The questions in the case arise on counter-claims filed by Henry Wimberg and Mary Felthaus, and each counter-claim presents different questions. We shall first consider and dispose of the questions presented by the counter-claim of Wimberg.

The pleading of Wimberg alleges, in substance, that the mortgage was executed to secure the purchase-money of the land described in the mortgage; that it was conveyed to the cross complainant by the mortgagee, by a deed with full covenants; that the covenants were broken because the grantor was not lawfully seized, and had no right to convey two-thirds of the land and had only a life-estate in the other one-third, and did not and could not convey any greater estate, and that by reason of the breach he has sustained damages in the sum of $1,000. There are two paragraphs, but they do not differ substantially, except in the prayer, the one praying judgment for damages and that they be counter-claimed against the purchase-money, and the other praying for an injunction.

There was no allegation that the grantee was evicted, or that he had surrendered possession to the owner of the paramount title, and for want of this allegation the first paragraph is fatally defective. Our cases have steadily maintained that where a deed is received and possession taken under it, payment of purchase-money can not be defeated without showing an eviction or surrender of possession. *Reasoner* v. *Edmundson*, 5 Ind. 393; *Small* v. *Reeves*, 14 Ind. 163; *Hacker* v. *Blake*, 17 Ind. 97; *Marvin* v. *Applegate*, 18 Ind. 425; *Estep* v. *Estep*, 23 Ind. 114; *Hanna* v. *Shields*, 34 Ind. 84; *Black* v. *Coan*, 48 Ind. 385; *Mahoney* v. *Robbins*, 49 Ind.

Wimberg *et al. v.* Schwegeman.

146; *Jones* v. *Noe,* 71 Ind. 368; *Gibson* v. *Richart,* 83 Ind. 313, see p. 314. It is true that the breach of the covenant gave a right to nominal damages, but there are very many cases holding that a judgment can not be reversed for a failure to award nominal damages. This is expressly held in many of the cases cited, and is impliedly decided in all of them, as well as in *Platter* v. *City of Seymour,* 86 Ind. 323; *Axtel* v. *Chase,* 77 Ind. 74; *Town of Tipton* v. *Jones,* 77 Ind. 307; *Atkins* v. *VanBuren School Tp.,* 77 Ind. 447; *Patton* v. *Hamilton,* 12 Ind. 256.

The second paragraph of the counter-claim presents an essentially different question. Counsel for appellee dispose of it by citing *Strong* v. *Downing,* 34 Ind. 300, but that case, upon the point to which it is here cited, was expressly overruled in *Fehrle* v. *Turner,* 77 Ind. 530. The rule established by the case last cited is that an injunction may be maintained to restrain the collection of purchase-money in a proper case, but it is not decided that an injunction will lie in all cases where covenants are broken by a total failure of title. What constitutes a case for injunction is not defined; it is, however, held that there are cases where an injunction will lie. It is not every case where there is a total failure of title and a breach of covenant, that a grantee in possession can maintain a suit to restrain the collection of the purchase-money. In order to obtain relief by injunction, some facts showing an equity in the applicant must be stated.

We need not, and do not, decide just what facts must be alleged in order to entitle the grantee to an injunction; we do decide that one of the material facts that must appear is the insolvency of the grantor. If the grantor is solvent, then there is a full legal remedy upon the covenants, and, consequently, no reason for resorting to the extraordinary remedy of injunction. The cases are well agreed upon this point. *Miller* v. *Avery,* 2 Barb. Ch. 582; *Woodruff* v. *Bunce,* 9 Paige, 443; *Allen* v. *Thornton,* 51 Ga. 594; *Moore* v. *Hill,* 59 Ga. 760;

*Yonge* v. *McCormick,* 6 Fla. 368; *McDunn* v. *City of Des Moines,* 34 Iowa, 467.

In holding that where insolvency is alleged, the grantee may restrain the collection of the purchase-money, we do not adopt a doctrine new to this court, for the principle upon which it rests was laid down long since in the cases of *Fitch* v. *Polke,* 7 Blackf. 564, *Addleman* v. *Mormon,* 7 Blackf. 31, *Buell* v. *Tate,* 7 Blackf. 55, *Arnold* v. *Curl,* 18 Ind. 339, see p. 341. These cases seem to have been overlooked in both *Strong* v. *Downing, supra,* and *Fehrle* v. *Turner, supra,* although they bear strongly upon the question, and one, at least, is directly in point.

In *Ricker* v. *Pratt,* 48 Ind. 73, the doctrine of the cases cited was approved, and it was held that the matter must be pleaded in the suit to foreclose the mortgage, and that it could not be afterwards set up in an independent suit for injunction. Confining ourselves to the point presented, we hold that the second paragraph of the counter-claim was bad, because it did not allege that the grantor was insolvent, and we have not examined to ascertain whether it is or is not defective in any other particular.

We now turn to the counter-claim of Mary Felthaus. In that pleading it is alleged that Nicholas Kapps died intestate, seized in fee of the land in controversy; that he left surviving him the cross complainant, his only child, and a childless second wife, Elizabeth Kapps, who is still living; that Nicholas Kapps died insolvent, and his administrator was ordered to sell, and did sell, to appellee " all the estate which said Nicholas Kapps had in said land liable to be sold for the payment of his debts, amounting to two-thirds of the fee, and no more; " that the administrator's deed purported to convey all of the land; that all of the land was described in the deed of appellee to Wimberg and in the mortgage which he executed to secure the purchase-money.

The contention of appellant's counsel is that Mary Felt-

haus took a fee burdened by the life-estate of the second wife, and this contention is supported by a very learned argument, in which are cited, among others, the following authorities: *Martindale* v. *Martindale,* 10 Ind. 566 ; *Ogle* v. *Stoops,* 11 Ind. 380; *Rockhill* v. *Nelson,* 24 Ind. 422; *Louden* v. *James,* 31 Ind. 69 ; *Longlois* v. *Longlois,* 48 Ind. 60; *Russell* v. *Russell,* 48 Ind. 456 ; *Swain* v. *Hardin,* 64 Ind. 85 ; *Hendrix* v. *Sampson,* 70 Ind. 350; *Chisham* v. *Way,* 73 Ind. 362 ; 1 Pres. Est. 31 ; 1 Washb. R. P. (2d ed.) 64; 1 Cruise, 47.

In answer to this position the appellees' counsel assert that the second wife takes a fee which at her death descends to the cross complainant, and they cite *Armstrong* v. *Cavitt,* 78 Ind. 476 ; *Slack* v. *Thatcher,* 84 Ind. 418 ; *Hendrix* v. *McBeth,* 87 Ind. 287 ; *Flenner* v. *Benson,* 89 Ind. 108 ; *Flenner* v. *Travellers Ins. Co.,* 89 Ind. 164. We do not think it is necessary or proper for us to decide this question.

The suit to foreclose the mortgage was not against the cross complainant, and did not involve her interest in the land. The interest sought to be subjected to sale was such as the deed of the administrator conveyed, and this did not include the widow's interest in the land. If the order of sale had included the widow's interest, it would have been void, because beyond the power of the jurisdiction of the court. *Armstrong* v. *Cavitt, supra ; Flenner* v. *Travellers Ins. Co., supra ; Nutter* v. *Hawkins,* 93 Ind. 260, see p. 264; *Pepper* v. *Zahnsinger,* 94 Ind. 88. The right asserted in the foreclosure suit did not affect the title of the cross complainant, and a decree could not have prejudiced her rights. We do not think any substantial injury was done in refusing to permit her to come in as a party and set up a claim which was not disputed. There was not the slightest necessity for her to set up title, for she was not made a party to the suit, nor was any interest owned by her claimed in that suit; all that was sought was a foreclosure of the mortgage as to the mortgagor's interest. Whatever may be the interest of Mary Felthaus, it exists unimpaired by the decree in the foreclo-

sure suit, for that decree operates only upon the interest in the land sold by the administrator.

