REED ET AL. *v.* THE TIOGA MANUFACTURING COMPANY.

VENDOR AND PURCHASER.—*Fraudulent Representations.—Promissory Note and Mortgage.—Injunction.—Rescission.*—False and fraudulent representations that the title is good and unencumbered, made by the grantor to the grantee of real estate conveyed by a warranty deed, are grounds sufficient for a counter-claim to enjoin personal judgment against the grantee, in an action against him, by an assignee, on a promissory note not payable in bank, and to foreclose a mortgage on such real estate, executed by the grantee to the grantor to secure the payment of the purchase-money for the same.

From the Kosciusko Circuit Court.

*C. Clemans*, for appellants.

*W. S. Marshall, J. M. Coombs, J. Morris* and *R. C. Bell*, for appellee.

PERKINS, J.—Stephen Reed executed to Watson C. Conant a mortgage, of which the following is a copy :

"This indenture witnesseth : that I, Stephen Reed, of Kosciusko county, in the State of Indiana, mortgage and warrant to Watson C. Conant, of Kosciusko county, in the State of Indiana, the following real estate, situate in Kosciusko county, in the State of Indiana, to wit: Commencing twenty-four rods north of the south-east corner of the south-west quarter of the north-west quarter of section twenty-seven, township thirty-two north, range seven east ; thence north, on the east line of said quarter, thirty-seven rods and three links, to the south line of Ira Ryerson's Addition to the town of Pierceton ; thence west with said line twenty rods ; thence south thirty-seven rods and three links ; thence east, twenty rods, to the place of beginning ; containing four and sixty-four hundreths acres, except a strip of land, four by ten rods, out of the north-east corner of said described land ; also a strip of land four by ten rods, south of out-lot four, block one, in Ryerson's Addition to Pierceton, in section twenty-seven, town thirty-two, range seven east, containing twenty-

five hundreths acre, to secure the payment, when the same shall become due, of four promissory notes, of five hundred dollars each, said notes bearing even date with this instrument; the first due in five, the second in eleven, the third in seventeen, and the fourth due in twenty-four months from date; said notes marked 'Mortgage notes.' And the mortgagor expressly agrees to pay the sum of money above mentioned, without relief from valuation laws.

(Signed,)                      ' "STEPHEN REED."

The mortgage was duly executed, acknowledged and recorded.

The mortgage and notes were transferred by Conant, the payee, to the Tioga Manufacturing Company, of Big Rapids, Mecosta county, Michigan, for the alleged consideration of two thousand dollars paid. They were not payable at a bank, but at the town of Pierceton, which is in Indiana.

This was a suit by said Tioga Manufacturing Company, assignee as aforesaid, to foreclose said mortgage. Copies of the mortgage and notes were made part of the complaint. The complaint was not attacked by motion, on account of any defect. Reed and Conant were both made defendants to the suit.

Afterward, on the 20th of October, 1874, the defendant Reed filed a demurrer to the complaint, assigning for causes:

1. That the plaintiff had no legal capacity to sue;

2. That the complaint did not state a cause of action.

The demurrer was overruled, and exception entered.

In compliance with a rule to answer, Reed then filed two paragraphs, which were counter-claims.

1. That the mortgage and notes in the complaint described were given to secure the purchase-money of certain real estate described in said paragraph of answer, and

appearing to be identical with that described in the mortgage, for the foreclosure of which this suit was instituted; that Conant, the mortgagee in said mortgage, made a deed to said described lands, with full covenants of warranty, without exception, which conveyance was the consideration for the notes mentioned in said mortgage; that said notes and mortgage were obtained by fraudulent representations of a good and unencumbered title to the land, the purchase-money of which they were given to secure, and said covenants of warranty. We quote from said paragraph of answer:

"And the said Conant, at the time he made said deed to the defendant, falsely and fraudulently represented, that there were no liens and encumbrances upon the said real estate, and that he had a good and valid title to the same; and the defendant made the purchase on the faith of said representations; that they were false; that said Conant knew they were false," etc.

The paragraph proceeds to point out defects in the title, and gives a long list of judgments which were encumbrances upon the title, and which, it is averred, exceed in amount the value of the land. The paragraph of answer shows, that, as to a large portion of the land, Conant had no title whatever, he having purchased it at sheriff's sale, as the property of one Murray, since deceased, leaving him surviving, his wife, Delila A. Murray, who became the owner in fee of one-third of said land purchased at said sheriff's sale, etc.

The paragraph avers, that the consideration of the notes secured by the mortgage has failed; that defendant had offered to rescind the contract; that Conant has become a non-resident of the State, etc., and insolvent.

"Wherefore the defendant prays judgment, that the contract of said sale be decreed null and void against the defendant, and that the plaintiff be allowed only a fore-

closure of the mortgage, but no judgment over on the notes, and for other relief, etc. ; substantially an injunction upon the collection of the notes.

In the second paragraph he set out the same facts, and prays an injunction.

The paragraphs were not attacked for any defects, by motion.

The answer contained much surplusage, but this did not vitiate it, only marred it. The answer made a case for an injunction.

Recovery by the appellee. Errors are duly assigned.

We think the court erred in sustaining demurrers to these paragraphs of counter-claims. *Fitch* v. *Polke,* .7 Blackf. 564 ; *Colson* v. *Smith,* 9 Ind. 8.

Had the suit been brought by Conant, the payee of the notes and mortgage, the case would have fallen directly within that of *Hinkle* v. *Margerum,* 50 Ind. 240. See *Norris* v. *Tharp,* 65 Ind. 47.

As the notes and mortgage in this case were not payable at a bank in this State, the same remedy against their collection may be had against the assignee, that might have been had against the payee.

According to the cases cited, the appellant Reed had an election of remedies. He might have sued for rescission, in proper time, or for damages occasioned by the fraud, or for an injunction till the title was perfected, or on the warrant of covenants.

The judgment is reversed, with costs, and cause remanded for further proceedings in accordance with this opinion.

Opinion filed at November Term, 1878.
Petition for a rehearing overruled at May Term, 1879.