Charles Hasque BISHOP, Petitioner,

v.

Stoney R. LANE, etc., et al.,
Respondents.

Civ. No. 2–78–48.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Memorandum Opinion and Certificate
April 27, 1978.

On Motion to Amend May 22, 1978.

Charles Bishop, pro se.

William M. Leech, Jr., Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND CERTIFICATE

NEESE, District Judge.

The petitioner Mr. Charles Hasque Bishop applied *pro se* to this Court for the federal writ of habeas corpus. He claims he is in the custody of the respondent pursuant to the judgment of February 19, 1977 of the Criminal Court of Sullivan County, Tennessee in violation of his right to a fair trial, Constitution, Fourteenth Amendment. 28 U.S.C. § 2254(a). He claims also that he exhausted the remedies available to him in the courts of Tennessee as to the question presented to this Court. 28 U.S.C. §§ 2254(b), (c).

Mr. Bishop was convicted on that date of burglary. Thereafter, his punishment was enhanced to life imprisonment upon the jury's declaring him to be an

habitual criminal, T.C.A. § 40–2801. He claims that he was denied due process of law when the state of Tennessee introduced in evidence against him 5 prior felony convictions, only 3 of which are enumerated specifically in such statute; and, that the inclusion of the 2 unenumerated convictions had a prejudicial effect upon the jury which convicted him which might have found him innocent of being an habitual criminal in the absence of evidence of such unenumerated crimes.

There is no merit to this claim. There was no violation of the federal Constitution, Fourteenth Amendment, in the procedure utilized against Mr. Bishop. See *Spencer v. Texas* (1967), 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606. As the late Judge Clifford O'Sullivan stated for our circuit:

\* \* \* \* \* \*

\* \* \* The factual determination of habituality was a jury question. We do not believe that the prosecution should have been forced to guess at what point it had presented sufficient and convincing evidence to the jury to make its case, when it had additional proof of precisely the same nature and substance. Furthermore, the prosecution had no way of knowing in advance whether any of the prior offenses would be disputed by the defense; it was not required to select and prove only three of the earlier convictions, hazarding a successful challenge to the validity of one or more of them. We do not consider that the prosecution's conduct here critically distinguishes the Aldridge case from *Spencer v. State of Texas*, supra.

\* \* \* \* \* \*

*Haggard v. Henderson*, C.A. 6th (1967), 382 F.2d 288, 289–290[2, 3], certiorari denied (1967), 389 U.S. 1024, 88 S.Ct. 600, 19 L.Ed.2d 672. The very argument advanced by the applicant having been rejected by

our highest courts, Mr. Bishop hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure.

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), Federal Rules of Appellate Procedure. As only a matter of law is presented, such certificate will ISSUE. *Idem.*

## ON MOTION TO AMEND

Judgment was entered herein on April 27, 1978 denying the petitioner all relief on his application for the federal writ of habeas corpus and dismissing this action. Rule 58(1), Federal Rules of Civil Procedure. Such party lodged with the clerk on May 12, 1978 a motion to amend his petition herein for such writ so as to allege therein the additional claim that he was denied a fair trial, Constitution, Sixth and Fourteenth Amendments, because of prejudicial arguments made by the district attorney general.

" \* \* \* Amendment of a petition for habeas corpus is governed by the 'rules of procedure applicable to civil actions.' 28 U.S.C. § 2242. \* \* \* " *Hodges v. Rose*, C.A. 6th (1978), 570 F.2d 643, 649 [6, 7]. Thus, Rule 15, Federal Rules of Civil Procedure, governs the amendment of such petitions. *Idem.* Under Rule 15, *supra*, however, " \* \* \* once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated. \* \* \* " 6 Wright & Miller, Federal Practice and Procedure: Civil 445, § 1489. The petitioner has not sought any relief from the judgment entered against him herein under the provisions of Rule 52(b),[1] or Rule 59(a), (b), (e),[2] Federal Rules

---

1. " \* \* \* Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. \* \* \* " Rule 52(b), Federal Rules of Civil Procedure.

2. " \* \* \* A new trial may be granted to all or any of the parties and on all or part of the issues \* \* \* in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. \* \* \*

of Civil Procedure, and the time for seeking the same has expired so as to render this Court powerless to grant any such relief. *Browder v. Director, Ill. Dept. of Corrections* (1978), 434 U.S. 257, 262, 98 S.Ct. 556, 54 L.Ed.2d 521, 530[3a, 3b]. Neither has the petitioner sought any relief under the provisions of Rule 60(b),[3] Federal Rules of Civil Procedure.

The motion to amend hereby is

DENIED.

"* * * A motion for a new trial shall be served not later than 10 days after entry of the judgment.

＊ ＊ ＊ ＊ ＊ ＊

"* * * A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Rule 59(a), (b), (e), Federal Rules of Civil Procedure.

3. "* * * On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. * * *" Rule 60(b), Federal Rules of Civil Procedure.