**C.W. JACKSON, Defendant/Third-Party Plaintiff-Appellant,**

v.

**George E. RUSSELL, Plaintiff-Appellee,**

and

**PPG Industries, Inc., Third-Party/Defendant-Appellee.**

No. 1–1285A313.

Court of Appeals of Indiana, First District.

April 28, 1986.

Robert J. DuComb, Jr., Sharon B. Shively, Sacks, Tierney & Kasen, P.A., Phoenix, Ariz., Peter L. Obremskey, Parr, Richey, Obremskey & Morton, Lebanon, for defendant/third-party plaintiff-appellant.

Robert F. Zoccola, Alan S. Brown, Burton M. Harris, Locke, Reynolds, Boyd & Weisell, Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

C.W. Jackson brings this interlocutory appeal from the judgment of the Boone Circuit Court granting George Russell leave to file an amended complaint to add a new party defendant after judgment had been entered. We reverse.

## FACTS

Russell sued Jackson for tortious interference with a contract and recovered judgment against Jackson in the amount of $2,000,000 on September 24, 1984. On October 25, 1985, some thirteen months after the judgment was entered, Russell moved for leave to file a second amended complaint adding Jackson's wife, Marguerite, as a new party defendant. Russell did not first seek to vacate or set aside the judgment against Jackson. The trial court allowed the amendment.

## ISSUE

The following single issue is dispositive of this appeal:

May a plaintiff be granted leave to amend his complaint after judgment to add a new party defendant without first having the judgment vacated or set aside?

Because we determine the answer to be negative, we reverse.

## DISCUSSION AND DECISION

■ Prior to the adoption of the current Indiana Trial Rules, effective January 1, 1970, which are patterned after the Federal Rules of Civil Procedure, Indiana law clearly held it was error to allow amendments to a complaint after judgment. *Bash v. VanOsdol* (1881), 75 Ind. 186. In *Raymond v. Wathen* (1895), 142 Ind. 367, 41 N.E. 815, our supreme court held that the statute then in force which allowed a party to amend his pleading "at any time" permitted amendment after verdict but before the final judgment. Under our prior practice, the amendment allowed here would have been improper. Our task is to determine if this result is changed by our current Trial Rules.

Amendments to pleadings now are governed by Indiana Rules of Procedure, Trial Rule 15 which provides that leave to amend "shall be given when justice so requires." T.R. 15(A). It is asserted that the policy of T.R. 15 is that amendments should be granted liberally, and such policy supports the action of the trial court.

Since the adoption of the current Trial Rules in 1970, Indiana courts have not been called upon to decide whether, or under what circumstances, a plaintiff may be allowed to amend his complaint after the entry of final judgment. However, the federal courts have ruled upon this issue with some frequency. In the absence of state law, we look to federal decisions for guidance in interpreting our rules of procedure which are similar to the Federal Rules of Civil Procedure. *Yaksich v. Gastevich* (1982), Ind.App., 440 N.E.2d 1138; *Foster v. United Home Improvement Company, Inc.* (1981), Ind.App., 428 N.E.2d 1351.

■ Most of the applicable federal cases hold that a district court may not consider a motion for leave to amend under Fed.R. Civ.P. Rule 15(a) after a judgment is entered unless that judgment is first vacated or set aside under either Rule 59 or Rule 60(b). *Twohy v. First National Bank of Chicago* (7th Cir.1985), 758 F.2d 1185; *Bishop v. Lane* (E.D.Tenn.1978), 478 F.Supp. 865; *Roque v. City of Redlands* (C.D.Cal.1978), 79 F.R.D. 433; *Chrysler Corporation v. Lakeshore Commercial Finance Corp.* (E.D.Wis.1975), 66 F.R.D. 607. In addition, the California Court of Appeals has declared, "[a] federal court may allow amendment of a complaint after entry of a final judgment ... only after if first alters, vacates, or sets aside the judgment." *Boccardo v. Safeway Stores, Inc.* (1982), 134 Cal.App.3d 1037, 184 Cal.Rptr. 903, 911.

One respected commentary on federal practice has stated that "[m]ost courts faced with the problem have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60." 6 C. Wright and A. Miller, *Federal Practice and Procedure* § 1489 (1971). Those authors explain that "[t]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Id.* Like those authors, we believe "this approach appears sound." *Id.*

To be sure, there are cases which appear to support a contrary result and favor liberality of amendment even after judgment. *Kaup v. Western Casualty and Surety Company* (D.Mont.1977), 432 F.Supp. 922; *Rhodes v. VanSteenberg* (D.Neb.1963), 225 F.Supp. 113; *Thurman v. Cundiff* (1978), 2 Kan.App.2d 406, 580 P.2d 893; *Sims v. Freeman* (1982), Mo.App., 641 S.W.2d 197; *Biglan v. Biglan* (1984), 330 Pa.Super. 512, 479 A.2d 1021. In *Kaup,* the court allowed amendment after judgment in a court tried case to seek interest and attorneys' fees, finding no substantial prejudice to the defendant. *Rhodes* stated a plaintiff could seek to amend despite entry of judgment. While *Thurman* and *Sims* say allowing an amendment after judgment is within the court's discretionary power, both cases involve pre-judgment requests to amend. This fact is significant in view of the *Twohy* court's statement that the standards as to amendments differ in post judgment and pre-judgment situations.

Other cases dealing with this problem have turned on the question of abuse of discretion. Thus, in *Czeremcha v. International Association of Machinists and Aerospace Workers* (11th Cir.1984), 724 F.2d 1552, the court held that after a complaint is dismissed, the right to amend under Rule 15(a) terminates. However, the court said the plaintiff still may move for leave to amend, and such amendments should be granted liberally. The court also stated the plaintiff may also move for re-

lief under Rules 59(a) or 60(b) on the basis of the proposed amendments even after the action is dismissed and final judgment is entered. In *Czeremcha* the court had sustained a motion to dismiss for failure to invoke the court's subject matter jurisdiction. The plaintiff moved to amend which the trial court denied. On appeal, the case was reversed and remanded to determine if the amendment should be granted.

In *Textor v. Board of Regents of Northern Illinois University* (7th Cir.1983), 711 F.2d 1387, the court held the district court was empowered to grant leave to amend even after judgment, and said the decision not to allow amendment was reviewable only for abuse of discretion. Because the district court had dismissed for lack of jurisdiction, and the proposed amendment would have brought the case within the long arm provisions of Illinois statutes, the court found abuse of discretion in denying amendment.

On the other hand, in *Johnston v. Holiday Inns, Inc.* (1st Cir.1979), 595 F.2d 890, and *Landon v. Northern Natural Gas Company* (10th Cir.1964), 338 F.2d 17, the court found no abuse of discretion in denying leave to amend after judgment.

Another case sometimes cited in support of liberality of amendments after judgment is *United States Labor Party v. Oremus* (7th Cir.1980), 619 F.2d 683. In that case, plaintiffs' complaint was dismissed for failure to state a claim upon which relief could be granted. Plaintiffs then filed a motion under Rule 59(e) of Fed.R.Civ.P. to alter or amend the judgment to reconsider dismissal and moved to amend. The court held the motion should have been granted. We think the fact that the plaintiffs sought relief under Rule 59(e) as well as amendment is significant and brings the case closer to the rule of cases such as *Twohy* and *Roque.*

In sum, we think it was error here to allow the amendment. The case had proceeded to final judgment thirteen months earlier. The case was over. There was nothing left to amend. Certainly finality of

judgment and expeditious termination of litigation are worthy and desirable ends. Violence is done to those concepts by allowing amendments to a complaint after judgment. Therefore, we hold that a plaintiff may not seek to amend his complaint after judgment unless he first has that judgment vacated or set aside under either T.R. 59 or T.R. 60. We believe the cases following that rule are the better reasoned cases and that such rule is the sound approach. Therefore, we reverse the judgment allowing the amendment.

Judgment reversed.

NEAL, J., concurs.

YOUNG, P.J., by designation, concurs.