Marvin Randall
McCLASKEY, Appellant,

v.

BUMB & MUELLER FARMS, INC., M.R. Hudson; Mary Hudson Vandegrift; A.B. Hudson; Auditor of Vanderburgh County; and Treasurer of Vanderburgh County and the State of Indiana, Appellees.

No. 82A01–8908–CV–342.

Court of Appeals of Indiana,
First District.

Dec. 14, 1989.

Jack N. Vanstone, Vanstone & Associates, Evansville, for appellant.

F. Wesley Bowers, Cedric Hustace, Bowers, Harrison, Kent & Miller, Evansville, for appellees.

## STATEMENT OF THE CASE

BAKER, Judge.

Cross-complainant-appellant, Marvin Randall McClaskey (McClaskey), appeals the trial court's granting of summary judgment in favor of the defendants, M. R. Hudson, A. B. Hudson, and Mary Hudson Vandergrift (the Hudsons).

We reverse.

## STATEMENT OF THE FACTS

On December 21, 1983, the Hudsons conveyed a parcel of real estate to McClaskey by a warranty deed. Prior to this conveyance, the State of Indiana (the State) had acquired a 125–foot highway easement over this real estate. The warranty deed McClaskey received, however, did not reveal the existence of the State's highway easement.

As part of the project to make U.S. 41 a limited access highway, the State initiated condemnation proceedings against McClaskey seeking to appropriate and condemn that portion of McClaskey's real estate which abutted U.S. 41. Noting the exclusion of the 125–foot easement, McClaskey cross-claimed against the Hudsons alleging they breached their warranty of title. Both parties moved for summary judgment. The trial court granted Hudsons' motion, denied McClaskey's motion, and McClaskey subsequently perfected this appeal.

## ISSUE

McClaskey presents the following issue for our review:

Whether the trial court erred in concluding that the Hudsons did not breach their warranty of title.

## DISCUSSION AND DECISION

In reviewing a grant of summary judgment, we stand in the shoes of the trial court and consider the same matters it does. *Kline v. Business Press, Inc.* (1987), Ind.App., 516 N.E.2d 88, *trans. denied.* A summary judgment will be sustained only where there is no material issue of fact and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C); *First Savings and Loan Association v. Treaster* (1986), Ind.App., 490 N.E.2d 1149, *trans. denied.* Both parties agree that this cause is ripe for summary judgment.

McClaskey argues that the Hudsons breached their warranty of title because their deed failed to disclose a highway easement held by the State. The Hudsons counter that they transferred a marketable title which is sufficient under the Marketable Title Act and thus have complied with the requirements of Indiana law. *See* IND. CODE 32–1–5–1 thru –10.

 It is undisputed that the Hudsons conveyed the real estate to McClaskey by warranty deed. Under a warranty deed, the transferor guarantees that the real estate is "free from all encumbrances and that he will warrant and defend the title to the same against all lawful claims." IND. CODE 32–1–2–12.[1] The existence of a highway easement constitutes a breach of a covenant against encumbrances. *Burk v. Hill* (1874), 48 Ind. 52.

 In the present case, the real estate was encumbered by a highway easement in favor of the State. The Hudsons' deed failed to reveal the existence of this easement. Thus, as a matter of law, the Hudsons breached their warranty of title. *Id.*

Although the Hudsons conveyed the real estate by warranty deed, they contend that McClaskey was only entitled to a marketable title. The Hudsons rely upon

Indiana's Marketable Title Act to support their contention. This reliance is misplaced.

The purpose of the Marketable Title Act is to simplify and facilitate land title transactions by allowing persons to rely on a record chain of title. IND.CODE 32–1–5–10. A person who has an unbroken record chain of title in real estate for 50 years or more shall be deemed to have a marketable record title. IND.CODE 32–1–5–1. A marketable record title operates to extinguish interest and claims existing prior to the effective date of the root of title. IND. CODE 32–1–5–6. The most recent title transaction, which is at least 50 years of age, is the root of title. IND.CODE 32–1–5–8(e). Thus, a claim or interest will be considered null and void where it is of record only prior to the root of title. IND. CODE 32–1–5–3. The Hudsons contend that since U.S. 41 was in existence at the time of the conveyance to McClaskey, McClaskey was under a requirement to make a reasonable inquiry concerning the extent of the easement before he purchased the real estate covered by the warranty deed.

 If we were to accept the Hudsons' position, IND.CODE 32–1–2–12, which provides for warranties of title, would be completely abrogated by the Marketable Title Act. Where two statutes speak to the same general subject, they should be harmonized, and if possible, each given effect. *Bell v. Bingham* (1985), Ind.App., 484 N.E.2d 624, 627. To harmonize the statutes, we hold that the Marketable Title Act relieves the covenants imposed by a warranty deed only to the extent that a claim or interest is extinguished by the Marketable Title Act. If a claim or interest is not extinguished by the Act, the Act has no effect on the guarantee contained in the deed. This construction furthers the purpose of both the Act and IND.CODE 32–1–2–12. Furthermore, the trial court specifically found that McClaskey did not have actual knowledge of the easement and the existence of the easement was not dis-

---

1. A warranty deed contains other covenants which are not pertinent to the present action.

*See* IND.CODE 32–1–2–12.

closed in his abstract of title. *Record* at 25. As noted by our supreme court over a century ago:

> [T]he reason the person insists on covenants for title, or a warranty of quality or quantity, is because he either knows or fears that the title is not good or that the article lacks in quantity or quality. If he were perfectly assured on those questions, he would seldom be tenacious in obtaining a covenant or a warranty.

*Burk, supra* at 55.

The judgment of the trial court is reversed and the cause remanded with instructions for the trial court to enter summary judgment for McClaskey and against Hudson.

RATLIFF, C.J., and GARRARD, P.J., concur.