**M.R. HUDSON, Mary Hudson Vandegrift, and A.B. Hudson, Appellants–Defendants,**

v.

**Marvin Randall McCLASKEY, Appellee–Plaintiff.**

No. 82A01–9106–CV–179.

Court of Appeals of Indiana, First District.

Jan. 16, 1992.

F. Wesley Bowers, Cedric Hustace, Bowers, Harrison, Kent & Miller, Evansville, for appellants-defendants.

Jack N. Van Stone, VanStone & Associates, Evansville, for appellee-plaintiff.

## STATEMENT OF THE CASE

RATLIFF, Chief Judge.

M.R. Hudson, Mary Hudson Vandegrift, and A.B. Hudson appeal the judgment in favor of Marvin Randall McClaskey ordering rescission of a deed to certain real estate and damages. We reverse.

## ISSUES

McClaskey raises one issue on appeal which we address first:

1. Did the court err in allowing the Hudsons to amend their answer to allege more affirmative defenses after summary judgment was entered?

The Hudsons raise several issues on appeal which we restate as:

2. Was there a significant alteration of the property precluding a return to the status quo by rescission?

3. Did McClaskey's election of rescission as the remedy preclude pursuit of an award of damages for breach of warranty?

## FACTS

On December 21, 1983, the Hudsons conveyed a parcel of real estate to McClaskey by warranty deed. Prior to the conveyance, the State of Indiana had acquired a 125–foot highway easement over this real estate. The warranty deed McClaskey received did not reveal the existence of the easement.

On November 18, 1986, seeking to make U.S. 41 a limited access highway, the State initiated condemnation proceedings against McClaskey regarding the real estate he had purchased from the Hudsons. McClaskey

objected claiming the State's easement was invalid and also filed a cross-complaint against the Hudsons asserting breach of warranty of title, rescission, and damages for expenses in defending the title, if the State did have a valid easement. The court determined that the State had a valid easement. The trial court entered summary judgment in favor of the Hudsons on the cross-complaint. On appeal,[1] summary judgment was reversed in favor of McClaskey because the appellate court found the Hudsons had breached the warranty of title. During remand, only the issue of remedy proceeded to a bench trial.

The court concluded that McClaskey made a timely claim for rescission and tendered the deed back to the Hudsons. The court further held that the Hudsons were the owners of the property and McClaskey was awarded $93,945.71. The Hudsons appeal.

## DISCUSSION AND DECISION

■ Initially, we address whether the "law of the case" doctrine bars the trial court's entry of rescission. The doctrine provides that once a question has been decided on appeal, it is binding on the trial court on remand and the appellate court on a subsequent appeal if the facts and parties are essentially the same. *Horine v. Greencastle Production Credit Association* (1987), Ind.App., 505 N.E.2d 802, 804, *trans. denied.* Prior appellate decisions are conclusive on all questions actually considered and determined in the first appeal. *Id.* The doctrine does not foreclose appeals of issues not previously decided. *State v. Kuespert* (1981), Ind.App., 425 N.E.2d 229, 233, *trans. denied.*

■ On August 4, 1989, the trial court entered summary judgment in favor of the Hudsons on McClaskey's cross-complaint. McClaskey appealed asserting that the trial court erred in concluding that the Hudsons did not breach their warranty of title. Upon finding a breach of warranty, the

**1.** *McClaskey v. Bumb & Mueller Farms, Inc.*   (1989), Ind.App., 547 N.E.2d 302, *trans. denied.*

appellate court reversed and remanded to the trial court. The trial court then entered summary judgment in favor of McClaskey and set the issue of damages for trial. We have reviewed the initial appeal and find that the decision considered the liability issue only. The appellate court remanded for the trial court to proceed further on the remedy issue. As the appellate court determined only that there was a breach, the trial court was left to decide the appropriate remedy. We do not find that the appellate decision precluded the trial court from ordering rescission as a remedy.

*Issue One*

■ McClaskey contends in his appellee's brief that the trial court erred in allowing the Hudsons to amend their answer to include other affirmative defenses. He contends that we may not consider their affirmative defense arguments which were made after summary judgment had been granted. McClaskey relies upon *Jackson v. Russell* (1986), Ind.App., 491 N.E.2d 1017 to support his argument. However, *Jackson* involves a plaintiff attempting to add a new party to the complaint thirteen months after final judgment was entered. We do not find that *Jackson* supports McClaskey's contention in this situation where a defendant is amending his answer to assert new affirmative defenses regarding the plaintiff's remedy after summary judgment has been entered on the issue of liability.

Likewise, we do not find *Johnson v. Levy Organization Development Co.* (7th Cir.1986), 789 F.2d 601, 611, to be applicable. In *Johnson,* summary judgment was entered against the plaintiff who then attempted to amend his complaint. The court refused because the judgment had not been vacated by means of Ind. Trial Rule 60(B); therefore, after the entry of summary judgment, nothing was pending for the court to amend. The situation here is different where after summary judgment, the remedy issue still remained to which the amendment pertained.

■ Despite McClaskey's claim, Ind. Trial Rule 15 does not preclude the trial court from allowing amendment of the answer here. T.R. 15(A) permits a party to seek leave of court to amend his pleading, and such leave will be given when justice so requires. We review the court's decision to allow amendment for an abuse of discretion. *Lilge v. Russell's Trailer Repair, Inc.* (1991), Ind.App., 565 N.E.2d 1146, 1151. The trial court considers whether undue delay, bad faith, or dilatory motive exists on the part of the movant, and whether the nonmovant will be unduly prejudiced by the amendment. *Id.*

■ McClaskey's argument ignores that the amendments are relevant to the remedy issue, not the liability issue. Since McClaskey did not make an unequivocal tender for rescission until after summary judgment just before trial on the remedy issue, the failure of the Hudsons to assert the new affirmative defenses earlier cannot be deemed as undue delay or bad faith. Furthermore, the amendment was requested two weeks before the trial on the remedy issue giving McClaskey time to prepare for the new defenses or request a continuance; therefore, he was not prejudiced by the amendment. We conclude that none of the factors which would require denial of the amendment were present and that the court did not abuse its discretion in allowing the amendment.

*Issue Two*

■ The Hudsons argue that rescission is an improper remedy because the parties could not be restored to the status quo. The trial court's findings do not mention the restoration of the status quo. However, our perusal of the record fails to uncover a written motion by either of the parties requesting specific findings of fact and conclusions of law pursuant to Ind. Trial Rule 52(A). Therefore, we are not bound by the court's findings and conclusions and review the decision as a general judgment. *See Drake v. City of Fort*

*Wayne* (1989), Ind.App., 543 N.E.2d 1145, 1147, *trans. denied.* We will affirm a general judgment unless uncontradicted evidence leads to an opposite conclusion. *See Lamb v. Lamb* (1991), Ind.App., 569 N.E.2d 992, 994.

The remedy of rescission contemplates returning the parties to their pre-contract position, the status quo. *Horine,* 505 N.E.2d at 805. The record reveals that McClaskey used the land in his filling operations and that he dumped concrete and dirt on one acre of the twelve acres of arable land at a height of twenty feet. Record at 102. We find that such action constitutes a substantial alteration of the property which precludes a return to the status quo. This uncontradicted evidence leads us to the opposite conclusion of the trial court; McClaskey was not entitled to rescission.[2]

*Issue Three*

Lastly, the Hudsons claim that McClaskey abandoned any claim for damages when he elected rescission as his remedy. We agree. In Indiana, a party may not accept benefits under a transaction and simultaneously repudiate its obligations. *See Matter of the Estate of Palamara* (1987), Ind.App., 513 N.E.2d 1223, 1228. In *Reed v. Tioga Manufacturing Co.* (1879), 66 Ind. 21, 24, the buyer of property transferred by warranty deed sued when he discovered the seller made false representations that the title was good and unencumbered. The court stated that the buyer had an election of remedies. He could sue for rescission, damages for fraud, or damages on the warrant of covenants. *Id.* at 24. *See Banta v. Banta* (1947), 118 Ind. App. 117, 124, 77 N.E.2d 597, 597–98 (remedy based on the theory of the affirmance of a transaction is inconsistent with a remedy arising out of the same facts and based on the theory of its disaffirmance so that the election of either is a repudiation of the

other); *Herrick v. Robinson* (1980), 267 Ark. 576, 587, 595 S.W.2d 637, 644 (remedies are not consistent where appellant elected to rescind rather than seek to recover for breach of warranty; rescission is based upon disaffirmance of the contract and recovery for breach requires its affirmance).

McClaskey sought rescission; he tendered the deed to the Hudsons on October 23, 1990 and argued solely for rescission at trial. He elected his remedy as rescission and abandoned the claim of damages for breach of warranty.

Reversed.

ROBERTSON, J., concurs.

BAKER, J., dissents in part and concurs in part with separate opinion.

BAKER, Judge, concurring and dissenting.

I concur with the majority's resolution of issues one and two. I dissent, however, with respect to issue three. I disagree with the majority's conclusion that McClaskey "abandoned the claim of damages for breach of warranty." *Ante* at 1232.

It is true McClaskey preferred rescission as a remedy for the breach of warranty he suffered. He did not limit his prayer for relief to this remedy alone, however. McClaskey's prayer for relief reads as follows:

> WHEREFORE, the Defendant, Marvin Randall McClaskey prays for judgment against the Defendants, M.R. Hudson, A.B. Hudson, and Mary Hudson Vandegrift, in an amount that will fully and fairly compensate him for the expenses and attorneys fees involved in defending his title herein and in the event the Plaintiff is successful in establishing its easement of right of way for the recision [sic] of the Deeds to the property and for the return of the purchase price and for all other further and proper relief.

---

**2.** Because we find rescission was improper on this ground, we do not address the Hudsons'

contention that McClaskey's tender was untimely.

*Supplemental Record* at 19 (Cross Complaint of Defendant Marvin Randall McClaskey). McClaskey sought both rescission *and* "all other further and proper relief." Upon remand, the trial court, too, believed McClaskey sought damages: "Let the record reflect that this is the time the Court has set for trial on the issue of damages and the nature of damages...." *Record* at 34. McClaskey offered, and the trial court accepted into evidence, extensive documentation regarding purchase, tax, filling, and title defense expenses he incurred. *See Record* at 54, 69, 79–81. McClaskey also tendered evidence concerning the value of the property before and after the discovery of the State's easement. McClaskey did not elect one remedy in the sense of abandoning the other, as the majority claims. He prosecuted both remedies available to him.

In my opinion it is unconscionable to deny McClaskey a remedy for the loss he incurred. There is no question the Hudsons breached the warranty of title. McClaskey testified, and his cross-complaint averred, that the encumbered property was of no value to him. He purchased the property as a commercial venture, and the purpose of his purchase was utterly defeated by the Hudsons' breach of warranty. The denial of both remedies of rescission and damages, in light of the undisputed breach of warranty, is a miscarriage of justice we should not condone. Although I agree the trial court erred in ordering rescission, I would remand the cause to determine damages incident to the Hudsons' breach of warranty, including considerations such as diminution in the value of the property, the cost of defending title, tax payments, filling expenses, and crop revenue.