M.R. HUDSON, Mary Hudson
Vandegrift and A.B. Hudson,
Appellants,

v.

Marvin Randall McCLASKEY, Appellee.

No. 82S01–9208–CV–608.

Supreme Court of Indiana.

Aug. 6, 1992.

F. Wesley Bowers, Bowers, Harrison, Kent & Miller, Evansville, for appellants.

Jack N. VanStone, Evansville, for appellee.

ON CIVIL PETITION TO TRANSFER

GIVAN, Justice.

In *Hudson v. McClaskey* (1992), Ind. App., 583 N.E.2d 1228, the Court of Appeals reversed the trial court. The trial court had held that appellee had made a timely claim for rescission and tendered the deed back to appellants. The trial court further found that appellants were now the owners of the property and that appellee should receive damages in the amount of $93,945.71.

The facts are: In December of 1983, appellants conveyed a parcel of real estate to appellee by warranty deed. The deed did not mention the fact that prior to the conveyance the State of Indiana had acquired a 125–foot highway easement over the land conveyed. In November of 1986, pursuant to a project to widen U.S. 41, the State initiated condemnation proceedings against appellee regarding the subject real estate. Appellee attempted to defend the State's action on the ground the easement was invalid. He also filed a cross-complaint against appellants asserting a breach of warranty in that appellants' deed to him made no mention of the prior easement. He sought rescission and damages for the expenses he had incurred by reason of the conveyance.

The trial court held the easement was valid and also entered summary judgment in favor of appellants. The summary judgment was appealed and reversed. *See McClaskey v. Bumb and Mueller Farms, Inc.* (1989), Ind.App., 547 N.E.2d 302. The cause was remanded to determine what remedy appellee should receive as a result of the non-disclosure of the highway easement. This is an appeal from the judgment rendered thereon.

The Court of Appeals first dealt with appellee's contention that the trial court erred in allowing appellants to amend their answer to include other affirmative defenses. We believe the Court of Appeals correctly dealt with this issue and that there was no error in allowing appellants to amend their answer.

The Court of Appeals next dealt with the issue of whether rescission was a proper remedy due to the change in the property effected by appellee after he purchased it from appellants. Again, we believe the Court of Appeals correctly decided this issue in holding that the property had been

so materially changed that rescission should not have been allowed.

We disagree, however, with the Court of Appeals holding that appellee abandoned any claim for damages when he elected rescission as his remedy. It is true, as stated by the Court of Appeals, that in many instances when a party elects rescission of a contract, the contract is treated as though it never existed and the parties are returned to their status prior to the contract. In addition to the cases cited by the Court of Appeals, *see also* 17A Am. Jur.2d *Contracts* § 600 (1991).

Judge Baker filed a dissenting opinion in which he observes that it would be "unconscionable to deny McClaskey a remedy for the loss he incurred." *Hudson, supra* at 1233. This statement is borne out by the last paragraph in the above section from Am.Jur. wherein it is stated:

> "The effect of a rescission of an agreement is to put the parties back in the same position they were in prior to the making of the contract. (Footnote omitted.) At least, it has the legal effect of entitling each of the parties to be restored as far as is possible to the condition he was in before the contract was made. (Footnote omitted.)"

As early as 1890, the Indiana Supreme Court held that a plaintiff may amend his complaint so as to change it from an action for the rescission of a contract to one for damages for the fraud in procuring such contract. *Nysewander v. Lowman* (1890), 124 Ind. 584, 24 N.E. 355, *see also* 2 *Bobbitt's Revision of Works' Indiana Practice* § 19.6 (5th ed. 1972) and 2 *Lowe's Revision of Works' Indiana Practice* § 21.4 (4th ed. 1948).

Indiana Code § 26-1-2-720 reads as follows:

> "Unless the contrary intention clearly appears, expressions of 'cancellation' or 'rescission' of the contract or the like shall not be construed as a renunciation or discharge of any claim in damages for an antecedent breach."

Indiana Code § 26-1-2-721 reads:

> "Remedies for material misrepresentation or fraud include all remedies available under this IC 1971, 26-1-2 for non-fraudulent breach. In all suits based on fraud or material misrepresentation, if the plaintiff recovers judgment in any amount, he shall also be entitled to recover reasonable attorney fees which shall be entered by the court trying the suit as part of the judgment in that suit. Neither rescission or a claim for rescission of the contract for sale nor rejection or return of the goods shall bar or be deemed inconsistent with a claim for damages or other remedy."

As pointed out by Judge Baker, the appellee asked for rescission of the contract and for damages resulting therefrom. If the rescission of the contract adjudicated by the trial court was to stand, the court's determination to award damages to appellee was proper. Inasmuch as the Court of Appeals determined that rescission was improper, a decision with which we agree, it is also proper that appellee may then be awarded damages for the breach of warranty.

The trial court is reversed so far as the rescission is concerned. The property still belongs to appellee. However, the trial court is directed to conduct a hearing to determine all proper damages to be awarded to appellee resulting from appellants' breach of warranty.

DICKSON and KRAHULIK, JJ., concur.

SHEPARD, C.J., dissents with separate opinion in which DeBRULER, J., concurs.

SHEPARD, Chief Justice, dissenting.

For quite a long time, Indiana has held that a buyer of property who discovers a false representation must elect a remedy against the seller: rescission, damages for fraud, or damages for breach of warranty. *Reed v. Tioga Manuf. Co.* (1879), 66 Ind. 21; *Sickels v. Aetna Securities Co.* (1942), 220 Ind. 347, 41 N.E.2d 947.

This is not a rule which can be overcome just by drafting a complaint that seeks relief in the alternative, as the majority holds. The purchaser must decide whether he wants to keep the benefit of his bargain

by asking for damages or to set aside the bargain through rescission. He certainly is not entitled to do both.

A fair reading of the purchaser's complaint in this case is that he wanted to reject the bargain, give back the land, and get his money back. I am inclined to agree with Judge O'Connor that the purchaser's tender of a deed back to the seller is adequate to effect a proper rescission; it gives the seller back the land in substantially the same condition. Even if one were to regard adding fill to one acre in a forty-acre tract of river bottom land adjacent to U.S. 41 as a substantial alteration, it is apparent that the alteration was made so that the acre could be used for commercial purposes relating to the highway. That may be impossible now, but the law traditionally excuses such alterations when they are related to the seller's omissions. 17A Am. Jur.2d *Contracts* § 597 (1991).

If, as the Court holds, however, purchaser is not entitled to rescind, then he has rendered impossible the remedy he seeks and judgment should be for the seller.

DeBRULER, J., joins in this dissent.